In the Matter of the Claim of FRANCES M. BACH, Respondent, against HAMPDEN SALES ASSOCIATION, INC., Also Designated Herein as HAMPDEN SALES Co., et al., Appellants.

TRAVELERS INSURANCE COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 10, 1943.

*George J. Stacy*, attorney (*George J. Stacy* and *William S. Sinclair* of counsel), for appellants.

*Nathaniel L. Goldstein*, Attorney-General (*Orrin G. Judd*, Solicitor-General; *Roy Wiedersum*, Assistant Attorney-General of counsel), for State Industrial Board.

*E. C. Sherwood*, attorney (*William B. Davis* of counsel), for F. W. Woolworth Company and Travelers Insurance Company.

*Quinn & Meade*, attorneys for claimant.

*Per Curiam.* Hampden Sales Co. and Maryland Casualty Company appeal from a compensation award of the State Industrial Board made to claimant for total liability compensation covering the period from May 12, 1941, to January 21, 1942, aggregating the sum of $643.16.

Claimant, a resident of the State of New York, was for a period of about five years a demonstrator of cosmetics manufactured and distributed by Hampden Sales Co. She was from time to time sent by her employer to various retail stores throughout the United States and worked as a demonstrator almost every week in a different store, where she demonstrated and sold her employer's products, for which she was paid a salary and commissions and was furnished with traveling expenses. While working in New York she received twenty dollars a week and commissions, and thirty dollars and commissions when she was sent out of town.

On May 8, 1941, while engaged in her regular occupation in the F. W. Woolworth store in Newark, N. J., she received injuries for which this award has been made. A short time

prior to the accident she had been sent to the Woolworth store in Newark. It appears that the rules of the Woolworth Newark store require that all persons working therein be Woolworth employees and no outside demonstrators are permitted. The Woolworth store in Newark having no regular demonstrator, Hampden Sales Co. recommended claimant. By reason of the fact that the Woolworth Company paid but fifteen dollars a week, Hampden Sales Co. agreed to pay her the difference between the regular salary she had been receiving theretofore while working for it and the sum the Woolworth Company agreed to pay her.

As the result of the accident in the Woolworth Newark store, claimant sought an award of compensation in a proceeding under the Workmen's Compensation Law in the State of New Jersey and as an employee of the Woolworth Company was awarded $267.14, which amount was paid by Travelers Insurance Company, the Woolworth Newark store insurance carrier. Thereafter, claimant applied for compensation in New York, alleging that at the time of the accident she was an employee of Hampden Sales Co. The Industrial Board held that she was an employee of that company and awarded to her the total sum of $643.16, but decreed a lien in favor of the Travelers Insurance Company to the extent of this amount paid by it in the New Jersey proceeding. The Board directed that payment be made by the Maryland Casualty Company with credit to the Travelers Insurance Company in the amount of $267.14, and the Maryland Casualty Company was directed to reimburse the Travelers Insurance Company in that amount.

While the State Industrial Board has jurisdiction to determine equitable defenses which are incidental to claims under the Workmen's Compensation Law (*Royal Indemnity. Co.* v. *Heller,* 256 N. Y. 322; *Matter of McDonnell* v. *City of New York,* 253 App. Div. 559), we believe that equity requires that the award made herein should be reversed and the matter remitted to the State Industrial Board to make an award in the amount to which claimant would be entitled under the Workmen's Compensation Law of this State, less the amount awarded to her in the New Jersey proceeding. Thus the two insurance carriers would be required to pay the amount each was obligated to pay under their respective contracts and for which each had charged premiums.

BLISS, J. (dissenting). I concur for reversal of this award but dissent as to the remittal and vote to dismiss the claim.

This claimant was the general employee of Hampden Sales Co. and at the time of her injury the special employee of F. W.

Woolworth. While thus employed she was injured. She elected to file a claim against the Woolworth Company in New Jersey where she had an award, which was paid to her and she accepted. Thus she made her election. This award has the force and effect of a judgment of a court of competent jurisdiction of a sister State and it should be given the same force and effect in New York. Having selected her forum and the employer against which to make her claim, she is now barred from the prosecution of a new claim in this State and her claim here should be dismissed.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur in *Per Curiam* opinion; BLISS, J., dissents, in a memorandum.

Award reversed and matter remitted to the State Industrial Board to make an award in favor of claimant for the amount of money to which she is entitled, less the moneys already paid to her by Travelers Insurance Company as a New Jersey employee. The award should be made against the Hampden Sales Association, Inc., and the Maryland Casualty Company, insurance carrier.