In the Matter of the Claim of PEDRO HERNANDEZ, Respondent, v. G & P CONSTRUCTION COMPANY OF N. Y. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 3, 1974.

*Herbert Lasky. (Joseph F. Manes* of counsel), for State Insurance Fund, appellant.

*Haft, Tischler & Schlosberg* for Pedro Hernandez, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. This is an appeal from a decision of the Workmen's Compensation Board, filed March 21, 1973, amending and affirming a decision filed January 31, 1973 by which the board affirmed an award of benefits to the claimant and directed the State Insurance Fund to reimburse the St. Paul's Insurance Company for payments made on account of the accident herein.*

The G & P. Construction and Glass Company, Inc. (Glass Company), and the G & P Construction Company of New York (the

---

* Appellants also appeal from a decision, filed March 15, 1972, by which the board rescinded a decision of the Referee dismissing the claim for lack of jurisdiction and restored the case to the calendar for adjudication. Since our decision on the award which followed will be dispositive of the rights of all parties herein, the appeal from the decision filed March 15, 1972 is purely academic.

appellant herein) were both general contractors with interlocking directorates and offices in New Jersey and New York. On June 11, 1971 claimant, who lived in New York, was engaged in carpentry work at a job site in the Borough of Queens when he sustained compensable injuries as the result of an accident. He originally filed a claim for compensation in New Jersey. An award was rendered in the amount of $1,190, which was paid by the St. Paul Insurance Company (St. Paul), the carrier for the Glass Company.

Subsequently, the claimant filed a timely claim for benefits in New York, and the board ultimately found "that the claimant was hired to work and did work in a fixed location in New York State and was under the supervision of an officer of G & P Construction Company of New York. The Board finds that the claimant was an employee of the G & P Construction Company of New York." An award was rendered in the amount of $1,956, and the appellant carrier, State Insurance Fund, was directed to reimburse St. Paul out of the award in the amount of $1,190 which had been paid pursuant to the New Jersey award.

It is the "settled law of this State that [the acceptance of compensation from another State] does not prevent [the claimant from] obtaining compensation in the State of New York providing [he] is entitled to it under the facts of his case" (*Anderson* v. *Jarrett Chambers Co.*, 210 App. Div. 543, 544; see, also, *Ogino* v. *Black,* 278 App. Div. 146, 150).

Appellant contends that the board's finding of New York employment is not supported by substantial evidence because there was no denial of employment by the Glass Company. We disagree. The testimony that appellant was formed to handle New York jobs, the existence of a New York office, and the situs of the work in New York are sufficient factors upon which a finding of New York employment by appellant could be based. That the Glass Company failed to deny that it was the employer for purposes of the New Jersey law does not change the result. In *Matter of Bach* v. *Hampden Sales Assn.* (266 App. Div. 645, affd. 293 N. Y. 847) there was a single employment by two employers acting together. An award was rendered against the New Jersey employer in that State based on earnings there, and an award was rendered in this State against the other employer based on earnings here. The situation was later distinguished from that in *Matter in Gehring* v. *Gehring Laces* (286 App. Div. 382) where the claimant actually had three different jobs.

In *Bach,* as here, there was one job, but in the circumstances more than one employer could be held responsible for compen-

sation payments. Thus, the New Jersey compensation board could properly make an award of benefits in the present case, finding the Glass Company to have been the employer. However, the question of employment relationship is a mixed question of law and fact, depending in part upon the legal meaning given to the term "employer" under our statute. Therefore, the New Jersey adjudication does not constitute a bar to a finding by the New York board that for the purposes of the New York statute, appellant was the employer (see *Ogino* v. *Black,* 278 App. Div. 146, 150, *supra*; *Matter of Bach* v. *Hampden Sales Assn.,* 266 App. Div. 645, affd. 293 N. Y. 847, *supra*). Thus the award to claimant against appellant, having the support of substantial evidence, must be affirmed.

This does not mean that the claimant is entitled to two awards, as the board clearly recognized. However, it is neither necessary nor proper that the State Insurance Fund, as carrier for appellant, be required to reimburse St. Paul. The latter paid compensation to claimant pursuant to a valid New Jersey award, and it would be improper for this court to determine that that award is to be, in effect, overruled by requiring St. Paul to be reimbursed. In *Bach* (*supra*) we held that the carrier for the New Jersey employer against whom the New Jersey award had been made was not entitled to reimbursement out of the subsequent New York award against the New York employer and that, instead, the amount to be received by the claimant should be reduced by the amount awarded in New Jersey. We see no reason for a different result here. Accordingly, while the award was proper, the amount to be received by claimant should be reduced by the amount of the New Jersey award, and the direction to reimburse St. Paul stricken.

The decision should be reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

HERLIHY, P. J., COOKE, KANE and REYNOLDS, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.