**Marcel DELORGE**

v.

**NKL TANNING, INC., et al.**

Supreme Judicial Court of Maine.

Argued May 7, 1990.

Decided Aug. 30, 1990.

James M. Bowie (orally), Thompson & Bowie, Portland, for plaintiff.

Daniel B. Wyman (orally), William S. Wilson, Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

Marcel Delorge appeals from the decision of the Appellate Division of the Workers' Compensation Commission affirming the hearing commissioner's award on Delorge's claim for permanent impairment pursuant to 39 M.R.S.A. §§ 56 & 56–A (*repealed by* P.L.1987, ch. 559, § B, 31–32). Delorge objects to the commissioner's deduction of the identifiable and measurable degree of impairment attributable to previous non-work-related injuries. We affirm the Commission's decision.

The commissioner found that Delorge sustained two work-related back and leg injuries in 1983. The two injuries resulted in a five percent permanent impairment to the back and a five percent permanent impairment to the left leg. The commissioner found that Delorge had a thirty percent permanent impairment to his back, ten percent permanent impairment to his left leg and ten percent permanent impairment to his right leg prior to the 1983 injuries. Delorge had back surgery in 1966, 1967 and 1969. He testified about work-related back and hip injuries from 1960 to 1982, but the commissioner was unpersuaded that the pre–1983 permanent impairment was work-related. He awarded Delorge benefits based on five percent permanent impairment to the back and five percent permanent impairment to the left leg. Contrary to Delorge's contention, the findings are supported by the evidence.

We agree with the Appellate Division's conclusion that when "measurable permanent impairment exists prior to a [work-related] injury, impairment benefits may be reduced by the identifiable and measurable degree of impairment" that predated the injury. Since 1965 the award for permanent impairment has no relation to work incapacity or wage replacement. Rather, it is based on the loss of function of part of the body due to work-related injury. *Bean v. H.E. Sargent, Inc.* 541 A.2d 944, 946 (Me.1988). The plain meaning of sections 56 and 56–A preclude an award of benefits for preexisting non-work-related impairment that is medically identifiable and measurable because that impairment is not "due to" a work injury. 39 M.R.S.A. §§ 56 & 56–A.

Delorge's reliance on *Estabrook v. Steward Read Co.*, 129 Me. 178, 151 A. 141 (1930) is misplaced for two reasons. First, *Estabrook* dealt with the pre–1965 version of the statute that provided for wage replacement for a "presumed total incapacity on a weekly basis for the number of weeks specified in the statute." *Bean*, 541 A.2d at 945. Second, in *Estabrook* there was a commission finding of the percentage of permanent impairment caused by a work-related injury "at least by way of acceleration or aggravation of a preexisting condition" but no finding of any measurable preexisting permanent impairment. *Estabrook*, 129 Me. at 180, 151 A. 141.

Moreover, Delorge's reliance on 39 M.R.S.A. § 104–B (1989) and our decision in *Pottle v. Bath Iron Works Corp.*, 551 A.2d 112 (Me.1988) is likewise misplaced. Both the statute and the *Pottle* opinion deal with "two or more occupational injuries ... which combined to produce a single incapacitating condition." *Pottle*, 551 A.2d at 113; 39 M.R.S.A. § 104–B(1). In Delorge's case the commissioner expressly declined to find that his pre–1983 injuries were work-related. Similarly, our decision in *Brackett v. A.C. Lawrence Leather Co.*, 559 A.2d 776 (Me.1989) dealt with the issue of causation in relation to the determination of work-incapacity and not in relation to permanent impairment. The *Brackett*

decision, therefore, has no application to the issue before us.

The entry is:

The decision of the Appellate Division of the Workers' Compensation Commission is affirmed.

It is ordered that the employer pay to the employee $750 for attorney fees plus reasonable out-of-pocket expenses for this appeal.

All concurring.