Michael A. GRANT

v.

DOLAN TRANSPORTATION and
Liberty Mutual Insurance Co.

Supreme Judicial Court of Maine.

Argued March 20, 1992.
Decided June 17, 1992.

Joseph J. Jabar (orally), Daviau, Jabar & Batten, Waterville, for appellant.

Bruce Mallonee, Jane E. Skelton (orally), Rudman & Winchell, Bangor, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Cheryl Grant appeals from the decision of the Appellate Division of the Workers' Compensation Commission that reversed a commission decision granting a unilateral petition for the commutation of her benefits as the widow of Dolan Transportation employee, Michael A. Grant. Because we conclude that the terms of 39 M.R.S.A. § 71 (Pamph.1986) do not require 1) that Grant prove exceptional circumstances or 2) that she prove such circumstances by clear and convincing evidence, we vacate the decision of the Appellate Division and affirm the decision of the commission.

Michael Grant died as a result of injuries sustained in a tractor-trailer accident while employed by Dolan Transportation. Cheryl Grant began to receive weekly benefit checks from Dolan Transportation's compensation carrier, Liberty Mutual Insurance Company, but the payments stopped after Grant settled a third-party action against the driver of the other vehicle involved in the accident. Because of the settlement, Liberty Mutual was entitled to offset Grant's compensation benefits until the year 2004. Grant thereafter petitioned the commission to commute her benefits to a lump sum in lieu of future weekly payments.

Grant is forty years old and has two children, who at the time of her petition were high school students, ages fourteen

and sixteen. She has suffered from rheumatoid arthritis since she was twenty-one which prevents her from working. Grant testified that she wanted to commute the future compensation benefits to support her children while they are growing up.

The commission found that Grant had met her burden of proving that a lump sum commutation was in her best interest because she was likely to exhaust the funds from the earlier settlement in a few years and her compensation benefits were more useful to her and her children now rather than in the distant future. The Appellate Division reversed the commission's decision, finding that Grant had not sustained her burden of proof. We granted appellate review.

Section 71, as effective on the date of Grant's injuries, provided in pertinent part as follows:

> Such petition [for commutation] may be granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments, or as an agreed compromise settlement of a disputed claim, will be for the best interests of the person or persons receiving or claiming such compensation, or that the continuance of weekly payments will, as compared with a lump sum payment, entail undue expense or hardship upon the employer liable therefor, or that the person entitled to compensation has removed or is about to remove from the United States.

Section 71 has since been repealed, P.L. 1987, ch. 559, §§ 13, 36 (effective November 20, 1987).

■ Under the provisions of section 71, Cheryl Grant's future compensation may be commuted to a lump sum if she satisfies the commission that such a commutation will be for her best interests. The commission so found. Dolan Transportation, however, argues that the commission applied an incorrect legal standard. It claims that the record fails 1) to demonstrate "the ex-

traordinary circumstances" required by the Appellate Division's decision in *Pickens v. Carnu, Inc.*, No. 84–43 (Me.Workers' Comp. Comm'n App.Div. May 31, 1984), and 2) to make that showing by the clear and convincing standard of proof required by the Appellate Division in *Getchell v. Brewer Convalescent Center*, No. 89–87 (Me.Workers' Comp. Comm'n App.Div. May 5, 1989). We do not agree that Grant's petition required such proof.

■ Dolan Transportation relies on a strong preference for regular periodic payments implicit in the compensation scheme, citing *Pickens* and 3 A. Larson, *Law of Workmen's Compensation* § 82.71 (1989). We can discern no such policy, implicit or explicit, in section 71. The section permits commutation on petition by the recipient to be based on a showing of "best interest" of the recipient, and requires nothing more. Indeed, the section permits commutation on petition by the employer to be based on "undue expense" to the employer. That provision hardly suggests a *strong* preference for periodic payments. The section 71 provision relating to removal from the United States provides a hint of legislative concern that persons entitled to compensation not become a public charge *in this country*. That alone is not a sufficient basis for us to imply a *strong* legislative preference for periodic payments.

■ As the above discussion suggests, we review the commission decision to commute Grant's compensation benefits by our usual standard as outlined in *Dorey v. Forster Mfg. Co.*, 591 A.2d 240, 241–42 (Me. 1991) (quoting *Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512, 517 (Me.1980) (" '[W]e limit ourselves to a 'narrow' review of the Commission's conclusions if they are supported by competent evidence.' ")). As a result, we discern neither clear error nor misapplication of law. Any further concern for the economic impact of commutation is a matter to be left to the Legislature. No other issue requires our discussion.

The entry is:

Decision of the Appellate Division vacated. Remanded for entry of an order affirming the commission's decision.

It is further ordered that the employer pay to the employee $750 for counsel fees, plus reasonable out-of-pocket expenses for this appeal.

All concurring.