**Donald SMITH,**

v.

**GREAT NORTHERN PAPER, INC.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1994.
Decided Jan. 19, 1994.

David H. Simonds (orally), Bangor, for appellant.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for employer.

William S. Wilson, Jr., Robert C. Brooks, Verrill & Dana, Portland, for amici curiae.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Donald Smith appeals from a Workers' Compensation Board decision denying Smith's petition to commute his future benefits into a lump-sum settlement. 39 M.R.S.A. § 71–A (1989). Smith contends that there is no rational basis for the hearing officer's decision that a lump-sum settlement would not be in Smith's best interest. Because we conclude that the hearing officer had a rational basis for his decision, we affirm the decision and decline to reach the issues raised by Great Northern Paper Co. and the amicus parties.[1]

Donald Smith suffered a work-related injury to his right knee on February 28, 1982. Smith is permanently disabled. He has had surgery several times and may require more surgery in the future. Smith has suffered severe depression, and may even be suicidal. His family life is deteriorating and he believes that "if he does not get out of" the workers' compensation system, his wife and son will leave him.

Without the agreement of Great Northern Paper Co., Smith filed a petition to commute his benefits to a lump-sum settlement on September 1, 1992. The hearing officer issued his decree on March 8, 1993. The hearing officer considered the opinions of two psychiatrists and a psychologist. Dr. John Keefe, a psychologist who has been treating Smith since 1987, opined that a lump-sum settlement would improve Smith's mental condition and reduce the risk of suicide. Dr. Patrick Kamm, a psychiatrist who has been treating Smith since 1988, opined that settlement would greatly reduce the risk that Smith would kill himself, and would improve Smith's family relationships. Dr. Kamm believes that if Smith remains in the workers' compensation system, he will eventually be hospitalized for psychiatric care.

The hearing officer, however, chose to rely on the opinion of Dr. David Bourne, a psychiatrist who examined Smith at the request of Great Northern Paper Co. and opined that the settlement would "provide a modest decrease in the depression and a major decrease in the suicidal risk;" but that the proposed lump-sum settlement would sacrifice Smith's right to have his medical bills paid by the workers' compensation system in the future. After reviewing all the evidence, the hearing officer ruled that a lump-sum settlement was not in Smith's best interest, "because of this gentleman's need for ongoing medical expenses, psychiatric expenses, regular weekly indemnity check, and other benefits afforded him by the Workers' Compensation Act which he would not receive if this petition was granted." In denying Smith's petition, the hearing officer applied 39 M.R.S.A. § 71–A (1989) requiring a finding that the settlement be in the employee's best interest prior to its approval.

We review a decision by the Workers' Compensation Board only for support by competent evidence. *Dorey v. Forster Mfg. Co.*, 591 A.2d 240, 241–42 (Me.1991). The decree may be vacated if it is "without rational basis." *Id.* *See also Grant v. Dolan Transp.*, 609 A.2d 725, 726 (Me.1992) (section 71 determination reviewed for support by competent evidence).

Although the evidence presented to the hearing officer might support a contrary result, we cannot say that the hearing officer's decision is without a rational basis. The primary basis for the hearing officer's decision is financial. If severed from the workers' compensation system, Smith will lose his right to future benefits including payment of future medical expenses—expenses he will almost certainly incur. The hearing officer also believed that Smith's need for "a regular weekly indemnity check, and other benefits afforded him by the Workers' Compensation Act" outweighed Smith's desire to escape the system.[2] We

---

1. The amicus parties are Maine Employer's Mutual Insurance Company, Commercial Union Insurance Company, Hanover of Maine, and Maine Bonding & Casualty Company.

2. At oral argument, Smith contended that the hearing officer misunderstood his commutation request, and that he had asked the officer to commute only his *weekly benefits* and leave his right to medical coverage intact. Smith, howev-

conclude that the decision of the hearing officer was not irrational.

Because we affirm the hearing officer's finding of fact that a lump sum settlement is not in Smith's best interest, we need not reach the question whether the hearing officer should have applied 39–A M.R.S.A. § 352 which requires the Board to find a proposed settlement to be in the best interest of both employer and employee.

The entry is:

Judgment of the Workers' Compensation Board is affirmed. It is ordered that the employer pay to the employee $750 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.

er, failed to preserve this issue and we need not address it. *Maine Real Estate Comm'n v. Kelby,* 360 A.2d 528, 530 (Me.1976). In any event, the hearing officer held that a weekly check was in Smith's best interest, rather than a lump sum. That finding has a rational basis.