### Jere PARKER

v.

### BATH IRON WORKS CORPORATION, et al.

Supreme Judicial Court of Maine.

Argued June 23, 1994.

Decided July 15, 1994.

Janmarie Toker (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Nelson Larkins (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and LIPEZ, JJ.

WATHEN, Chief Justice.

Jere Parker appeals from a decision of the Workers' Compensation Board denying his petition for restoration of benefits. The issue on appeal is whether an employer that voluntarily dismisses a petition for review must restore benefits that were suspended during the pendency of that petition and while the employee was absent from the state for purposes other than to return to a permanent place of residence. *See* 39 M.R.S.A. § 100(4)(B)(1) (1989), *repealed by* P.L.1991, ch. 615, §§ D-21, D-26 (effective October 17, 1991), *codified as* 39 M.R.S.A. § 100(4-A)(F) (Supp.1991).[1] Because we conclude that a suspension of benefits pursuant to section 100(4)(B)(1) is temporary and contingent upon the final resolution of the employer's petition for review, we vacate the decision of the Board.

■ Jere Parker suffered a compensable injury on April 21, 1988, while employed at Bath Iron Works. Parker received total incapacity benefits as a result of the injury and is currently unemployed. Although he maintains a permanent residence in Maine, Parker resided in Florida during the winter months of 1991 and 1992. Bath Iron Works filed a petition for review in January 1991 and contemporaneously suspended benefits pursuant to section 100(4)(B)(1), contending that Parker had left the state for reasons other than to return to a permanent place of residence. Bath Iron Works voluntarily resumed payment for current benefits in May 1991 when he returned to Maine. In Decem-

---

1. Because this appeal involves a proceeding that was pending on the effective date of Title 39–A, the issue is governed exclusively by Title 39. *See Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 627–29 (Me.1994). *See Maine Workers' Compensation Act of 1992,* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Furthermore, this appeal is not governed by the 1991 amendment to Section 100 because that amendment expressly applies only to injuries occurring after October 17, 1991. *See* P.L.1991, ch. 615, §§ D–21, D–26 (effective October 17, 1991), *codified as* 39 M.R.S.A. § 100(4–A)(F) (Supp.1991), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective January 1, 1993).

ber 1991 Bath Iron Works filed an amended petition for review and again unilaterally suspended benefits for the fall-winter months of 1991–92 when Parker returned to Florida. Again, Bath Iron Works resumed payments when he returned to Maine in the spring. In October 1992 Bath Iron Works voluntarily dismissed the petition for review and Parker subsequently filed a petition for restoration and order of payment, seeking to recover the benefits that were withheld during his absence from the state. The Board denied this petition.

We conclude that Parker is entitled to a restoration of benefits pursuant to the plain language of section 100(4)(B)(1). Section 100(4)(B) provides, in pertinent part:

If the employee is receiving payments at the time of the petition, the payments may not be decreased or *suspended pending the hearing and final decision* upon the petition, except in the following circumstances:

.     .     .     .     .

B. The employer or his insurance carrier files a certificate with the commission stating that:

(1) the employee has left the State for reasons other than to return to his permanent residence at the time of injury;

(2) the employee's whereabouts are unknown; or

(3) the employee has resumed work. . . .

39 M.R.S.A. § 100(4)(B) (1989) (emphasis added). Section 100(4) expressly provides that the employer may only suspend benefits "pending the hearing and final decision upon the petition [for review]." Furthermore, use of the word "suspend" rather than "terminate" suggests that the section 100(4)(B)(1) suspension is temporary and contingent upon the outcome of the employer's petition for review. See Davis v. Scott Paper Co., 507 A.2d 581, 583 (Me.1986). Therefore, pursuant to the plain language of the statute, once Bath Iron Works dismissed its petition for review, the petition was no longer "pending" and Parker was entitled to a restoration of benefits.

◼◼ In addition to examining the plain language, we also consider "the whole statu-

tory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Davis*, 507 A.2d at 583. We note that the underlying purpose of the Act is "to provide compensation for loss of earning capacity from actual or presumed incapacity." *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 922 (Me.1981). Similarly, the outcome of a petition for review will depend, ultimately, on a determination of the employee's incapacity. *See* 39 M.R.S.A. § 100(2)(A) & (B) (1989), *amended by* P.L. 1991, ch. 615, § D–21 (effective October 17, 1991). The fact that the section 100(4)(B)(1) suspension is restricted to pending petitions for review implies a legislative intent to authorize the suspension of benefits contingent upon the determination of incapacity on the petition for review. If the Legislature intended to deny benefits to employees simply because they are temporarily absent from the state, it could have addressed the issue directly and not limited the suspension mechanism to employers that first file a petition for review.

While conceding that the legislative history is silent on the issue of legislative intent, Bath Iron Works contends that the legislative purpose of the section 100(4)(B)(1) suspension is to reduce administrative and investigative costs and limit the potential for fraud when an employee leaves the state. Even if we were to accept Bath Iron Works' theory of legislative intent, we would not be compelled to conclude that the employer is entitled to retain suspended benefits regardless of the disposition of the petition for review. These suggested legislative goals are not thwarted by a requirement that the employer pursue its petition to some final resolution on the merits.

◼◼ Finally, we reject Bath Iron Works' contention that an intervening award pursuant to the Federal Longshore and Harbor Workers' Compensation Act (LHWCA) renders the issue in this appeal moot. *See* 33 U.S.C. §§ 901–950 (1994). Contrary to Bath Iron Works' contention, Parker is not required to "elect" a remedy under either state or federal law. Pursuant to the Maine Act, Bath Iron Works is entitled to an offset in

the amount of a concurrent award under the LHWCA. *See Bouford v. Bath Iron Works Corp.*, 514 A.2d 470, 474 (Me.1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987); *Stockford v. Bath Iron Works Corp.*, 482 A.2d 843, 845 (Me.1984); *Bouford v. Bath Iron Works Corp.*, Me. W.C.C.App.Div. 2485 (Me.1988). The Board cannot determine the amount of a set-off without first determining the amount of Parker's entitlement to benefits pursuant to Maine law; therefore, the issue raised by Parker in this appeal is not moot.

The entry is:

Decision of the Workers' Compensation Board vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.