Richard M. WEBBER

v.

**BATH IRON WORKS CORPORATION**
**et al.**

Supreme Judicial Court of Maine.

Argued Feb. 28, 1995.
Decided March 31, 1995.

Gary A. Gabree (orally), Stinson, Lupton & Weiss, Bath, for Employee.

Richard F. van Antwerp (orally), Elizabeth Connellan, Robinson, Kriger, McCallum & Greene, Portland, for Employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Richard M. Webber appeals from a decision of the Workers' Compensation Board denying his petition for permanent impairment benefits pursuant to 39 M.R.S.A. § 56–B (1989) because he was receiving permanent partial disability benefits for a "scheduled" injury pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 908(c)(1) (1994). We conclude that permanent impairment benefits under our workers' compensation law are not duplicative of scheduled benefits for permanent partial disability under the LHWCA, and therefore vacate the decision of the Board.

Webber suffered a work related shoulder injury on October 3, 1989. A federal administrative court awarded him benefits pursuant to the LHWCA, including scheduled benefits for permanent partial disability. 33 U.S.C. § 908(c)(1). Following the denial of his petition for permanent impairment by the Board and his subsequent motion for findings of fact, we granted Webber's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994).

▆ Webber's entitlement to permanent impairment benefits is governed by 39

M.R.S.A. § 56–B (1989).[1] The term "permanent impairment" is defined as "any anatomic or functional abnormality or loss existing after the date of maximum medical improvement." 39 M.R.S.A. § 2(15) (1989). Permanent impairment benefits are designed to compensate employees for lost bodily function, not lost earning capacity. *Bushey v. S.D. Warren Co.*, 642 A.2d 1352, 1353 (Me. 1994); *Delorge v. NKL Tanning, Inc.*, 578 A.2d 1173, 1174 (Me.1990); *Bean v. H.E. Sargent Inc.*, 541 A.2d 944, 946 (Me.1988); *Campbell v. Bates Fabrics, Inc.*, 422 A.2d 1014, 1015 (Me.1980); *Church v. McKee*, 387 A.2d 754, 756 (Me.1978). Because they serve different purposes, permanent impairment and incapacity benefits may be received concurrently. 39 M.R.S.A. § 56–B (1989); *Campbell*, 422 A.2d at 1015, n. 5. The issue then is whether Webber's LHWCA benefits were "incapacity benefits." Because this issue "does not involve an interpretation of the Act nor does it fall within the Board's traditional area of expertise, .. we … conduct an independent review of the Board's decision." *Van Houten v. Harco Constr., Inc.*, 655 A.2d 331, 333 (Me.1995); *LeBlanc v. United Eng'rs & Constructors, Inc.*, 584 A.2d 675, 677 (Me.1991).

■ Section 908(c) of the LHWCA governs benefits for "permanent partial disability," and is applicable to cases of "disability partial in character but permanent in quality." 33 U.S.C. 908(c). Subsections (c)(1)–(20) contain a schedule of benefits for certain listed injuries. 33 U.S.C. § 908(c)(1)–(20). Subsection (c)(21) is a catch-all provision that applies to "all other cases *in this class of disability*." 33 U.S.C. 908(c)(21) (emphasis added). If an injury falls within the schedule, the employee is entitled to benefits in the amount of 66⅔% of the employee's preinjury average weekly wage for a given number of weeks, depending on the body part impaired and the percentage of loss. Benefits under subsection (c)(21) are awarded for the duration of the disability in the amount of 66⅔% of the difference between the employ-

ee's preinjury wage and post injury earning capacity. 33 U.S.C. § 908(c)(21).

We conclude that scheduled benefits in subsection (c)(1)–(20), like unscheduled benefits in (c)(21), are compensation for loss of earnings and are therefore not duplicative of permanent impairment benefits. *Bouford v. Bath Iron Works Corp.*, 514 A.2d 470, 473–74 (Me.1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987). In *Bouford*, the employee sought permanent impairment benefits for a back injury while receiving benefits for unscheduled permanent partial disability pursuant to subsection (c)(21) of the LHWCA. 514 A.2d at 472–73. We held that awards for permanent impairment and permanent partial disability pursuant to subsection 908(c)(21) are not duplicative because permanent impairment benefits are designed to compensate employees for loss of bodily function, while subsection 908(c)(21) "unscheduled" benefits are compensation for loss of earnings. *Id.* at 473–74. Pursuant to the LHWCA, the term "disability," is defined as "*incapacity* because of injury *to earn the wages* the employee was receiving at the time of the injury in the same or any other employment." 33 U.S.C. § 902(10) (emphasis added). This definition implies that compensation is for lost earning capacity, not lost bodily function. *Liberty Mut. Ins. Co. v. Commercial Union Ins. Co.*, 978 F.2d 750, 758 (1st Cir.1992); *Stevens v. Director, OWCP*, 909 F.2d 1256, 1259 (9th Cir.1990), *cert. denied, Lockheed Shipbuilding Co. v. Director, OWCP*, 498 U.S. 1073, 111 S.Ct. 798, 112 L.Ed.2d 860 (1991); *Korineck v. General Dynamics Corp.*, 835 F.2d 42, 43 (2nd Cir.1987). The fact that scheduled and unscheduled benefits are mutually exclusive also suggests that these benefits provide compensation for the same loss, i.e., loss of earning capacity. *See Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 268, 276 n. 14, 101 S.Ct. 509, 513 n. 14, 66 L.Ed.2d 446 (1980) (*PEPCO* ) (discussing a proposed but rejected amendment to the LHWCA which would have allowed concurrent recovery); *see also Korineck*, 835 F.2d at 44 (scheduled

---

1. Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Because Webber's proceeding was pending on the effective date of Title 39–A, however, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627–28 (Me.1994).

benefits are duplicative of permanent total disability benefits because both relate to lost earning capacity).

Bath Iron Works argues that because scheduled benefits are presumptive, while benefits for unscheduled injuries are expressly tied to proof of loss of earning capacity, scheduled benefits are more akin to permanent impairment. We disagree. The fact that section 8(c)(1)–(20) scheduled benefits may not reflect actual loss of earnings is the product of a Congressional desire to ensure prompt and predictable wage loss compensation, not a Congressional intent to compensate employees for loss of bodily function. *PEPCO*, 449 U.S. at 281–82, 101 S.Ct. at 516–17; *Korineck,* 835 F.2d at 43; *Long v. Director, Workers' Compensation Programs,* 767 F.2d 1578, 1582 (9th Cir.1985); *Rupert v. Todd Shipyards Corp.,* 239 F.2d 273, 275–76 (9th Cir.1956); *Travelers Ins. Co. v. Cardillo,* 225 F.2d 137, 144 (2nd Cir.1955). As the United States Supreme Court stated in *PEPCO,* the use of a schedule for permanent partial disability benefits reflected a

> compromise between the competing interests of disabled laborers and their employers. The use of a schedule of fixed benefits as an exclusive remedy in certain cases is consistent with the employees' interest in receiving a prompt and certain recovery ... as well as with the employers' interest in having their contingent liabilities identified as precisely and as early as possible.

*PEPCO,* 449 U.S. at 281–82, 101 S.Ct. at 516–17. *See generally,* 1C A. Larson, *The Law of Workmen's Compensation,* §§ 57.14(c), 58.11 (1993).

We hold that scheduled benefits under subsection (c)(1)–(20) of the LHWCA are compensation for lost earning capacity, not loss of bodily function, and therefore are not duplicative of permanent impairment benefits. *Bouford,* 514 A.2d at 473–74. Accordingly, we vacate the decision of the Board.

The entry is:

Decision of the Workers' Compensation Board vacated and remanded for further proceedings consistent with the opinion herein.

All concurring.