**Norman LaPOINTE**

v.

**UNITED ENGINEERS & CONSTRUCTORS and Commercial Union Insurance Co.**

Supreme Judicial Court of Maine.

Argued March 6, 1996.

Decided Aug. 1, 1996.

Douglas S. Kaplan (orally), Kaplan & Grant, Portland, for Employee.

Elizabeth M. Brogan (orally), John H. King, Jr., Norman, Hanson & DeTroy, Portland, for Employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

In a 1991 decision of the former Workers' Compensation Commission, United Engineers & Constructors was permitted to offset its obligation to pay weekly workers' compensation benefits to its employee, Norman LaPointe, by the payments that LaPointe received pursuant to a Massachusetts decree. After LaPointe obtained a lump-sum settlement of his claim against his Massachusetts employer, the Workers' Compensation Board granted LaPointe's petition for an order of payment, ruling that United Engineers was no longer entitled to the offset and must reinstate weekly benefits. Because we agree with the employer that the Board misconstrued the 1991 decision of the Commission, we vacate the decision of the Board.[1]

In August 1986 Norman LaPointe injured his back while working for United Engineers. LaPointe suffered a subsequent work-related back injury in February 1989 while employed in Massachusetts by Wormald Fire Systems and was awarded short-term total and ongoing partial incapacity benefits for that injury pursuant to Massachusetts workers' compensation law. In 1991 the Maine Commission granted LaPointe's petition for restoration, concluding that his 1986 injury was "a substantial contributing factor" to his ongoing incapacity. The Commission ordered United Engineers to pay short-term total and ongoing partial incapacity benefits, but also concluded that United Engineers was entitled to "receive a week by week setoff for benefits paid to the Employee under Massachusetts law for his various periods of incapacity." Because the Massachusetts award exceeded United Engineers' weekly benefit payments, the employer set off its entire weekly benefit obligation. The Commission's 1991 decision was not appealed.

In May 1992 LaPointe entered into a lump-sum settlement of his Massachusetts claim for ongoing partial incapacity benefits in the amount of $100,000, with an additional $25,000 for attorney fees. The settlement did not include payment for permanent im-

---

1. Because LaPointe's petition for forfeiture was filed in 1992, the proceeding was pending on the effective date of title 39–A and the issues in this appeal are governed exclusively by former title 39. *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 627–29 (Me.1994).

pairment or medical expenses. In June 1992 LaPointe filed a petition for an order of payment against United Engineers seeking payment of his ongoing partial incapacity benefits. He claimed that United Engineers was no longer entitled to a week-by-week setoff because the Massachusetts claim had been paid in a lump sum. In October 1994 the Board granted LaPointe's petition and ordered the employer to reinstate continuing partial benefits. The Board interpreted the 1991 setoff as conditional on the continuation of weekly payments from the Massachusetts employer, and concluded that "once payments stopped from Massachusetts, for any reason, the employer's setoff also necessarily ended." The Board denied United Engineers' motion for findings of fact, and we granted the employer's petition for appellate review pursuant to 39 M.R.S.A. § 103–C (1989).

█ United Engineers contends that the setoff awarded in 1991 was not conditional on the continuation of weekly benefit payments from the Massachusetts employer, and therefore it is entitled to set off the entire amount of LaPointe's Massachusetts settlement against its continuing obligation to pay weekly incapacity benefits. LaPointe contends, however, that a hearing officer's interpretation of a Commission decision must be affirmed on appeal if supported by competent evidence. The hearing officer's interpretation of the 1991 decision was a conclusion of law, not a finding of fact. This is not a case in which the Board relied on extrinsic evidence to aid in the interpretation of ambiguous language in a prior decision. Moreover, despite the deference we accord to an administrative agency's application of its statute, the Board's interpretation of the 1991 decision is incorrect.

The Board gave controlling weight to the fact that the 1991 decision awarded a "week by week setoff." A "week by week setoff for benefits paid" is not the same as a setoff "for benefits paid week by week." In the first instance, the phrase "week by week" is intended to modify the setoff; in the latter instance the phrase is intended to describe the benefits that may be set off. The 1991 decision did not award a setoff "for benefits

paid week by week," language that might have supported the Board's conclusion that the decision was conditional on the payment of weekly, as opposed to lump-sum, benefits. In this case, however, United Engineers was awarded a "week by week setoff" that corresponded to its duty to pay week by week benefits. There is nothing in the language of the 1991 decision to support the conclusion that the setoff was contingent on the payment of weekly benefits, as opposed to lump-sum benefits, by the Massachusetts employer.

Moreover, it is widely recognized that an employer is entitled to a credit for a duplicate recovery in a different state. *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 281, 100 S.Ct. 2647, 2660–61, 65 L.Ed.2d 757 (1979); *de Cancino v. Eastern Air Lines*, 239 So.2d 15, 17 (Fla.1970); *Lavoie's Case*, 334 Mass. 403, 135 N.E.2d 750, 751 (1956); *Stanley v. Hinchliffe & Kenner*, 395 Mich. 645, 238 N.W.2d 13, 17–19 (1976); *Hernandez v. G & P Constr. Co.*, 43 A.D.2d 228, 350 N.Y.S.2d 808, 811 (1974); RESTATEMENT OF CONFLICT OF LAWS § 403 (1934); 4 A. Larson, *The Law of Workmen's Compensation* § 85 (1993). *See also Van Houten v. Harco Constr., Inc.*, 655 A.2d 331, 332 (Me.1995) (parties voluntarily agreed to credit benefits from one state against the other); *LeBlanc v. United Eng'rs & Constructors Inc.*, 584 A.2d 675, 677 (Me.1991) (commission authorized employer to credit payments made pursuant to New Hampshire law); *Dissell v. Trans World Airlines*, 511 A.2d 441, 442 (Me.1986) (commission awarded credit for payments made pursuant to Massachusetts claim). A primary purpose for the setoff is to prevent the employee from receiving a double recovery.

The Commission concluded in 1991 that LaPointe's Maine and Massachusetts injuries combined to create a single incapacitating condition. Because no claim was brought against LaPointe's Massachusetts employer pursuant to the Maine Act, the Commission awarded total benefits against United Engineers for the combination of his injuries. *See Brackett v. A.C. Lawrence Leather Co.*, 559 A.2d 776, 777–78 (Me.1989) (employer may be fully liable for employee's incapacity

that results from combination of work injury and subsequent nonwork-related injury). Because LaPointe was receiving benefits pursuant to Massachusetts law for the combined effects of his Massachusetts and Maine injuries, the Commission awarded United Engineers a setoff to prevent a double recovery. As the Massachusetts Supreme Judicial Court has stated: "All compensation acts rest upon the policy that the industry should bear the burden of industrial accidents, but there is no policy that justifies placing the burden on the industry twice, especially where that results in paying the employee so much that it becomes to his advantage to remain away from work." *Mizrahi's Case*, 320 Mass. 733, 71 N.E.2d 383, 385 (1947).

LaPointe contends that the Board's interpretation of the Commission decision is the only permissible interpretation, citing *Kennedy v. Brunswick Convalescent Ctr.*, 584 A.2d 678, 680 (Me.1991), and *Harding v. Sheridan D. Smith, Inc.*, 647 A.2d 1193, 1194 (Me. 1994). Both cases are distinguishable. In *Kennedy*, we decided that an insurer liable for a subsequent injury could not receive an apportionment against an insurer who had previously settled the employee's claim for an earlier injury. In *Harding*, we decided that an employer paying benefits for a prior injury was not entitled to an apportionment against an employee who suffered a subsequent aggravating injury while self-employed and not covered by the Act. Both cases involved an interpretation of the apportionment statute, 39 M.R.S.A. § 104–B (1987), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (effective January 1, 1993), *codified as* 39–A M.R.S.A. § 354 (Supp.1995).

The credit awarded in the 1991 decision was not an apportionment. An apportionment would have divided liability between two employers according to their relative contribution to an incapacitating condition. In this case, because there was no claim against the Massachusetts employer pursuant to the Maine law, the Commission ruled that United Engineers was fully liable for LaPointe's incapacity. The setoff awarded in the 1991 decision was a credit against duplicate recoveries received pursuant to two separate workers' compensation systems.

■ We agree therefore with United Engineers that, pursuant to the 1991 decision, it is entitled to set off the Massachusetts lump-sum settlement against its continuing obligation to pay weekly benefits. We do not agree, however, with its contention that the Massachusetts recovery may be applied against its obligation to pay permanent impairment or attorney fees. We have held that, because permanent impairment and incapacity benefits are designed to compensate employees for different types of loss, they are not duplicative. *See Delorge v. NKL Tanning, Inc.*, 578 A.2d 1173, 1174 (Me. 1990). We have also held that employers are not entitled to set off incapacity benefits received pursuant to the federal Longshore and Harborworkers' Compensation Act against an obligation to pay permanent impairment benefits pursuant to the Maine Act. *Bouford v. Bath Iron Works Corp.*, 514 A.2d 470, 474 (Me.1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987).[2] Our rationale in that case applies equally when the setoff is against a recovery awarded in another state.

■ Similarly, attorney fees and incapacity benefits are not duplicative. Attorney fees are a necessary cost of prosecuting a workers' compensation claim and are not generally treated as a "benefit" for purposes of the Act. *See Campbell v. School Admin. Dist. No. 59*, 658 A.2d 1094, 1097 (Me.1995) (fees are not a benefit for purposes of section 68); *Lucas v. E.A. Buschmann, Inc.*, 656 A.2d 1193, 1195 (Me.1995) (fees are not a benefit for purposes of penalizing employer for nonpayment during appeal period).

---

**2.** Until 1991, permanent impairment and incapacity benefits could be received concurrently. 39 M.R.S.A. § 56–B (1989); *Campbell v. Bates Fabrics, Inc.*, 422 A.2d 1014, 1015 n. 5 (Me. 1980). In 1991, in an effort to scale back permanent impairment recoveries, the Legislature amended section 56–B to allow incapacity benefits to be offset against benefits for permanent impairment. P.L.1991, ch. 615, § D–8. This amendment expressly applies only to injuries occurring on or after October 17, 1991, and therefore does not apply to either of LaPointe's injuries. P.L.1991, ch. 615, § D–26.

Accordingly, we conclude that, pursuant to the 1991 Commission decision, United Engineers is entitled to set off its obligation to pay weekly incapacity benefits by the amount of the lump-sum settlement of LaPointe's Massachusetts claim, excluding fees. United Engineers is not permitted to apply that settlement payment against its obligation to pay permanent impairment benefits or attorney fees.

The entry is:

Decision vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ., concurring.

GLASSMAN, Justice, dissenting.

Although I would not affirm the decision of the Board, I cannot agree with the Court's conclusion that the effect of the language of the 1991 Workers' Compensation Commission decision is dispositive of the issue in this case. Accordingly, I respectfully dissent. It is well established that, unless without a rational basis, the factual findings of the Workers' Compensation Board must be upheld on appeal if supported by competent evidence, even if the evidence supports a contrary result. *Smith v. Great Northern Paper, Inc.,* 636 A.2d 438, 439 (Me.1994) (citing *Dorey v. Forster Mfg. Co.,* 591 A.2d 240, 241–42 (Me.1991)). By failing to acknowledge the existence of the Board's factual determination that the settlement of LaPointe's Massachusetts claim encompassed only the 1989 Massachusetts injury and not the 1986 Maine injury, the Court has failed to accord to the Board the deference our precedents require.

In support of its reasoning, the Court focuses on its interpretation of the provision of the 1991 decision awarding a "week by week setoff for benefits paid" during the period

that Massachusetts was paying weekly benefits to the employee. It ignores the specific finding of the Board based on the evidence before it, that "[t]he employee did not lump the 1986 injury. He lumped a 1989 injury that occurred in another jurisdiction." Because this was a factual determination, the proper inquiry is whether there is competent evidence in the record to support it. *Smith,* 636 A.2d at 439. One need look no further than the agreement settling the 1989 Massachusetts claim to determine that competent evidence exists to support the Board's finding. The relevant portions of the settlement agreement read as follows:

> The employee sustained a work-related injury *on 2/03/89.* He underwent disc surgery later that month and has regained full-time light duty work capacity.... The employee understands that settlement of his claim means he will never again be entitled to claim non-medical benefits *for this injury.*
>
> ....
>
> Received of Sentry Insurance the Lump Sum of one hundred twenty-five thousand dollars and 00 cents ($125,000.00). This payment is received in redemption of the liability for all weekly payments now or in the future due [LaPointe] under the [Massachusetts] Worker's Compensation Act for all injuries received by Norman LaPointe *on or about February 3, 1989 while in the employ of Wormald Fire Systems, Inc.*

(Emphasis added). The emphasized language and the lack of any reference to the 1986 injury clearly support the Board's determination that, by this agreement, LaPointe lump-sum settled only his injury attributable to the 1989 accident. *See Bourque v. Frank X. Pomerleau, Inc.,* 472 A.2d 933, 935 (Me.1984) (lump-sum settlement and statute made clear that settlement "commutes liability for benefits only for the injury that is the subject of the agreement").[3]

---

**3.** It is noteworthy that a Massachusetts statute that sets forth the effect of workers' compensation lump-sum settlements in that state appears to be in accord with this view:

Whenever a lump sum agreement or payment has been approved by the reviewing board in accordance with the terms of this section, such agreement shall affect only the insurer and employee who are parties to such lump sum agreement and shall not affect any other action or proceeding arising out of a separate and distinct injury resulting in an incapacity

Although there is competent evidence to support this factual finding, the Board erred by its legal conclusion that United Engineers is not entitled to set-off any portion of the 1989 settlement. By its 1991 decision, the Commission had determined that the 1986 injury was "a substantial contributing factor" to LaPointe's then-determined 50% incapacity without determining the precise percentage attributable to each injury. In its present decision the Board concluded that, although LaPointe had been compensated for his 1989 injury, United Engineers must commence paying to LaPointe benefits for the full 50% incapacity. In this determination, the Board failed to recognize the well-established principle, articulated by the Court, that "an employer is entitled to a credit for a duplicate recovery in a different state." This principle, however, does not support the conclusion of the Court that United Engineers is entitled to set-off the entire $100,000. Rather, it supports only the Court's determination that the Board erred by concluding that United Engineers is not entitled to any set-off.

To avoid a duplicate recovery, while at the same time ensuring that LaPointe is fully compensated for his injuries, the Board must determine the percentage of LaPointe's 50% incapacity that is attributable to each accident. The only finding by the Commission related to this inquiry is that the 1986 accident was a "substantial contributing factor"

to LaPointe's present incapacity. Without more, it is impossible to determine the portion of LaPointe's incapacity that remains uncompensated by reason of the 1986 injury now that he has been fully compensated for the 1989 injury. I would remand this case to the Board for a determination of the applicable percentages and reduce United Engineers' liability by the percentage attributable to the 1989 accident. *See generally Nichols v. Cantara & Sons*, 659 A.2d 258, 263 (Me. 1995) (when employee has work injury and then recovers from a third-party for damages resulting from an automobile accident resulting in a second injury for which employer accepts liability, hearing officer must "determine the percentage of the employee's incapacity that is attributable to each injury and . . . award a lien against the third-party recovery only for . . . that portion of the employee's incapacity for which the third party is responsible"); Larson, *The Law of Workmen's Compensation* §§ 72.65, 74.31(c) (1994) (separation of liability for work injury from damages awarded from medical malpractice suit resulting from treatment for the work injury is "fair and sensible result").

---

whether the injury precedes or arises subsequent to the date of settlement.

Mass.Ann.Laws ch. 152, § 48(5) (Law.Co-op.Supp. 1995).