. 1998 ME 222

**Carl WEBSTER**

v.

**BATH IRON WORKS.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1998.
Decided Oct. 2, 1998.

Gary A. Gabree (orally), Stinson, Lupton & Gabree, P.A., Bath, for employee.

Carol G. Ford (orally), Joseph M. Hochadel, Monaghan, Leahy, Hochadel & Libby, L.L.P., Portland, for employer.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, Justice.

[¶ 1] Bath Iron Works ["BIW"] petitions from a decision of the Workers' Compensation Board granting Carl Webster's motion for attorney's fees. The issue is whether attorney's fees awarded pursuant to 39 M.R.S.A. § 110(2) (1989), *repealed by* P.L. 1991, ch. 885, § A–7, must be offset by the amount of attorney's fees awarded pursuant to the federal Longshore and Harbor Workers' Compensation Act ["LHWCA"], 33 U.S.C. §§ 901–950 (1994), for duplicative work. *See Parker v. Bath Iron Works Corp.*, 644 A.2d 1037, 1039–40 (Me.1994). Because we agree with BIW that Webster's counsel is not entitled to duplicative attorney's fees for identical work performed in the federal and state proceedings, we vacate the decision of the Board.

[¶ 2] Carl Webster suffered two work-related injuries on February 3, 1988 and June 19, 1989, respectively, while employed by BIW. Webster filed claims pursuant to the LHWCA and the Maine Act, but chose to litigate the claim pursuant to the LHWCA. After considerable time and effort in the federal system, the parties agreed to a lump-sum settlement of the employee's claim for both injuries in the amount of $95,000. Webster's counsel sought roughly $12,000 in fees for services rendered in the federal system and provided supporting billing documentation. The federal Administrative Law Judge awarded $10,274 in fees.

[¶ 3] After the federal settlement, the Board summarily confirmed a lump sum settlement agreement of the employee's state law claim in the same amount, to be offset against the employee's recovery under the Harbor Workers' Act. *See Parker*, 644 A.2d at 1039–40. Webster requested additional fees from the Board and offered an itemized bill for services as supporting documentation. The Board granted the motion for fees without receiving the employee's supporting documentation, and awarded a fee in the amount of ten percent of the settlement amount ($9,500), stating:

> The employer/insurers have objected to this request arguing that Mr. Webster has been paid ample attorneys fees under the Longshore and Harbor Workers' Compensation Act. By all accounts, Mr. Webster's attorney's efforts under the Maine Workers' Compensation Act have not been extensive. The employer/insurers argue, therefore, that Mr. Webster has received a reasonable sum for attorney's fees.
>
> Mr. Webster argues that any attorneys' fees he received for legal work pursuant to the Longshore and Harbor Workers' Compensation Act is irrelevant for determining appropriate fees under the Maine Workers' Compensation Act. I agree. The applicable section of the Maine law is 39–A M.R.S.A. § 325. The fee reported by Mr. Webster falls within the statutory guidelines. Therefore, that sum is hereby awarded....

The Board denied BIW's motion for findings of fact, and we granted BIW's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1997).

[¶ 4] Contrary to the Board's conclusion, Webster's entitlement to attorney's fees is not governed by 39–A M.R.S.A. § 325. Section 325 is expressly listed in the implementing statute, section A–10, as prospective in application and does not apply retroactively to either of the employee's dates of injury. P.L.1991, ch. 885, § A–10.[1] *See DeRice v. S.D. Warren Co.*, 1997 ME 84, ¶ 3, 694 A.2d 450, 451. Section 325 provides that "[i]n cases in which the injury to the employee

---

1. Section A–10 provides: "So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that ... Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and *325* do not apply." P.L.1991, ch. 885, § A–10 (emphasis added). Because section 325 is listed as having purely prospective effect, it does not apply retroactively to pre–1993 injuries.

**576**

occurred prior to January 1, 1993, the amount of the attorney's fees is determined by the law in effect at the date of the injury and is payable by the employer." 39–A M.R.S.A. § 325(5) (Supp.1997). Webster's entitlement to employer-paid attorney's fees is, therefore, governed by the law applicable to his dates of injury, former 39 M.R.S.A. § 110(2), providing, in pertinent part:

If an employee prevails on any proceeding involving a controversy under this Act, the Commission . . . may assess the employer costs of a reasonable attorney's fee. . . .

. . .

A. For the purposes of this subsection, "prevail" means to obtain or retain more compensation or benefits under the Act than were offered to the employee by the employer in writing before the proceeding was instituted. If no such offer was made, "prevail" means to obtain or retain compensation or benefits under the Act.

. . . .

39 M.R.S.A. § 110(2), *repealed by* P.L.1991, ch. 885, § A–7.

[¶ 5] We have previously recognized a general prohibition against double recoveries of workers' compensation benefits in different jurisdictions. *See e.g., LaPointe v. United Eng'rs & Constructors,* 680 A.2d 458, 460 (Me., 1996) (Offset for duplicative state recoveries); *Webber v. Bath Iron Works Corp.,* 656 A.2d 748, 749 (Me.1995) (Offset for duplicative recoveries in Maine and pursuant to the LHWCA); *Parker,* 644 A.2d at 1039–40; *Bouford v. Bath Iron Works Corp.,* 514 A.2d 470, 474 (Me.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987); *Stockford v. Bath Iron Works Corp.,* 482 A.2d 843, 845 (Me.1984). Although we have never addressed the issue of duplicative attorney's fees in concurrent jurisdictions, we see no

reason to depart from the general rule prohibiting double recoveries.[2] A primary purpose of the setoff is to reduce the cost of compensation to industry. *See* 4 A. Larson, THE LAW OF WORKMEN'S COMPENSATION, § 85.60 (1993). As Professor Larson explains, with the setoff, "the worst that can happen to [employers] . . . is that they will have to pay no more than the highest compensation allowed by any single state having an applicable statute—which is the same amount that would always be payable if the claimant made the best-informed choice the first time." *Id.* To permit a double recovery of attorney fees in separate jurisdictions for the same work could potentially increase an employer's liability far above what that employer would be required to pay in a single jurisdiction. We see no possible legislative purpose to be served by such a result.

[¶ 6] Webster's counsel is not prohibited, however, from receiving a reasonable fee pursuant to the Maine Act for separate services related solely to the litigation of Webster's state law claim.[3] The employee, as the petitioning party, bears the burden to show the reasonableness of the fee requested. *See Fernald v. Dexter Shoe Co.,* 670 A.2d 1382, 1385 (Me.1996) ("[A]s a general matter, the petitioning party bears the burden of proof on all issues. . . ."); *St. Pierre v. Jordans Meats,* WCC App.Div.1957, 1958 (Me.1987) (employee bears burden on motion for fees); *Sennett v. Clifford W. Perham, Inc.,* WCC App.Div. 994, 995 (Me.1985). Because Webster has already been compensated for hourly services in the federal system, Webster will bear the additional burden to show that the fees he is seeking from the Board are not for the same hourly services that formed the basis of the federal fee award. Because the Board refused Webster's offer of proof and based its decision on the erroneous conclusion that the amount of fees awarded in the

---

2. Contrary to Webster's contention, our decision in *LaPointe,* 680 A.2d at 461, is not controlling. In that case, we held that an employee's compensation in one jurisdiction cannot be reduced by an award of attorney's fees in another jurisdiction. *Id.* Unlike the employers in *LaPointe,* BIW is not seeking a setoff of attorney's fees against compensation, but a setoff of attorney's fees against attorney's fees.

3. In this case, Webster settled his state law claim for $95,000. The entire amount of this settlement, however, was offset by the federal award. It was therefore to the employer's benefit to settle the state law claim in the same amount. Because BIW conceded that, Webster "prevailed" pursuant to 39 M.R.S.A. § 110(2)(A), *repealed by* P.L.1991, ch. 885, § A–7, we do not address that issue on appeal.

federal forum "is irrelevant" to the determination of fees under the Maine Act, we vacate and remand for further proceedings consistent with this opinion.

The entry is:

The decision of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the decision herein.