Daniel McDONALD

v.

**RUMFORD SCHOOL DISTRICT, et al.**

Supreme Judicial Court of Maine.

Argued April 28, 1992.

Decided June 24, 1992.

Ronald Ducharme (orally), Wheeler & Arey, P.A., Waterville, for appellant.

Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The Rumford School District appeals from a decision of the Workers' Compensation Commission Appellate Division affirming a decision of the Commission awarding compensation for total incapacity to Daniel McDonald, Rumford's employee, based on McDonald's average weekly wage at the time of the first of two successive injuries. We agree with Rumford's contention that McDonald's benefits should have been based on his average weekly wage at the time of his second injury, and accordingly, we vacate the decision.

McDonald sustained a compensable injury to his back while working for Rumford School District in 1986. He then returned to full-time work for Rumford. In 1988, McDonald again suffered a compensable injury to his back. He began to receive benefits based on his average weekly wage at the time of his second injury. In 1990, McDonald petitioned the Commission for further compensation requesting that it be based on his average weekly wage at the time of his first injury rather than his second.[1] The Commission found that the 1986 injury played a "real and

---

1. McDonald's average weekly wage at the time of his first injury was $355.84. It was $393.15 at the time of the second injury. Compensation based on the average weekly wage for 1986 is adjusted annually for inflation pursuant to 39 M.R.S.A. § 54–A. In 1987, however, section 54–A was repealed and replaced by section 54–B. P.L.1987, ch. 559, Pt. B, § 26. That section, which became effective November 20, 1987 and is applicable to McDonald's second injury, delays the application of the inflationary adjustment for the first three years after the injury. See P.L.1987, ch. 559, Pt. B, § 27.

actual role" in his present incapacity. Apparently, however, the Commission was unable to determine the exact extent to which each of the two injuries contributed to McDonald's present incapacity.[2] The Commission ordered compensation for total incapacity based on McDonald's 1986 average weekly wage. The Commission rejected Rumford's contention that 39 M.R.S.A. § 2(2)(F) (1989)[3] and our decision in *Warren v. H.T. Winters Co.*, 537 A.2d 583 (Me.1988), required use of the average weekly wage at the time of the second injury. Rumford appealed to the Appellate Division, *see* 39 M.R.S.A. § 103–B (1989), which likewise rejected Rumford's contentions and affirmed the Commission. This appeal followed. *See* 39 M.R.S.A. § 103–C (1989).

In *Warren,* we held when an employee suffers two successive work-related injuries that, in combination, result in a present incapacity, section 2(2)(F) requires that the average weekly wage at the time of the second injury be used to determine the amount of compensation unless the first injury affected the employee's earning level at the time of the second injury.[4] 537 A.2d at 585–86; *see also Johnson v. S.D. Warren,* 432 A.2d 431, 434 (Me.1981). The statutory language of section 2(2)(F) was designed to " 'provide a method of arriving at an estimate of the employee's future earning capacity as fairly as possible,' " *Warren,* 537 A.2d at 585 (quoting *Fowler v. First Nat'l Stores, Inc.,* 416 A.2d 1258, 1260 (Me.1980)). The later average weekly wage "will more accurately reflect the actual loss of the employee's future earning capacity, which the compensation based on the average weekly wage is designed to accomplish." *Warren,* 537 A.2d at 586.

Contrary to the reasoning of the Appellate Division, the use of the average weekly wage at the time of the second injury is not changed by the fact that the case involves a single insurer on the risk during both injuries, or that the average weekly wage at the time of the second injury is higher than the first injury average weekly wage. *Id.; see also Johnson,* 432 A.2d at 434. Therefore, the Commission erred in not applying *Warren* and should have based the compensation on McDonald's average weekly wage at the time of the second injury.

■ McDonald further contends that because his first injury occurred in 1986, he has a vested right to the annual inflation increases mandated by 39 M.R.S.A. § 54–A, which was in effect at that time. *See supra* note 1. We disagree. As an employee who has suffered successive, equally contributing injuries, McDonald's rights "cannot be determined until the time of the second injury, since it is not until that time that both injuries combine to cause the incapacity." *Warren,* 537 A.2d at 586. The legislature, in an effort to curtail the costs of workers' compensation, was free to limit the inflation adjustment of the average weekly wage, and to provide that it apply to all injuries occurring after the effective date of the legislative change. McDonald's second injury occurred in 1988, subsequent to the November 20, 1987 effective date of the enactment of Section 54–B.

The entry is:

The decision of the Appellate Division is vacated. Remanded to the Appellate Division for remand to the Commission for an award of compensation based on the aver-

**2.** The evidence presented before the Commission was that both the 1986 and the 1988 injuries contributed "probably equally" to McDonald's present incapacity.

**3.** 39 M.R.S.A. § 2(2)(F) (1989) states:
The fact that an employee has suffered a previous injury or received compensation therefor shall not preclude compensation for a later injury or for death; but in determining the compensation for such later injury or death, his "average weekly wages" shall be such sum as will reasonably represent his

weekly earning capacity at the time of such later injury in the employment in which he was working at such time, and shall be arrived at according to and subject to the limitation of this section.

**4.** Contrary to the conclusion of the Appellate Division and the contention of McDonald, the Commission did not find, nor is there sufficient evidence to support a finding, that McDonald's first injury affected his earnings at the time of the second injury.

age weekly wage at the time of the second injury.

All concurring.