Donald HARDING

v.

SHERIDAN D. SMITH, INC., et al.

Supreme Judicial Court of Maine.

Argued May 12, 1994.
Decided June 8, 1994.

Kevin M. Noonan (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for plaintiff.

Michael Friedman (orally), Jane E. Skelton, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., GLASSMAN, CLIFFORD, and DANA, JJ.

DANA, Justice.

The employer, Sheridan D. Smith, Inc., appeals from a decision of the Workers' Compensation Board denying its petition for apportionment in a successive injury case involving a 1982 work injury and a second injury incurred while the employee was self-employed and not covered by the Act. We affirm the decision of the Board.

The employee, Donald Harding, worked as a truck driver and bulldozer operator for Sheridan D. Smith, from 1981 until 1989. On January 5, 1982, Harding suffered a compensable injury to his hip and back. In the spring of 1989, Harding quit his job with Smith and became a self-employed logger and skidder operator. As a self-employed person, Harding did not elect to be covered by the Workers' Compensation Act. *See* 39 M.R.S.A. § 2(5)(B) (1989), *repealed and replaced by* P.L.1991, ch. 885, § A-7 (effective January 1, 1993), *codified as* 39-A M.R.S.A. § 102(11)(B). On October 1, 1991, Harding suffered a second gradual injury while self-employed.

▪ Harding filed a petition for restoration seeking total incapacity benefits as a result of the 1982 and 1991 injuries. On December 14, 1992 the employer filed a petition for apportionment and a petition for award of compensation under 39 M.R.S.A.

§ 96–A, alleging that the employee suffered a compensable injury while self-employed. *See* 39 M.R.S.A. § 96–A(1) (1987), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective January 1, 1993), *codified as* 39–A M.R.S.A. § 307.[1] The Board granted the employee's petition for restoration concerning the 1982 injury, finding that the employee's self-employment contributed to 25% of his incapacity and the remaining responsibility was attributable to the employee's 1982 work injury. The Board, however, denied the employer's petitions for award and apportionment.

■ In an appeal from a decision of the Board, we will "generally accept the findings of fact and examine only for errors of law." *Somes v. Flint Logging*, 635 A.2d 941, 942 (Me.1993) (*citing LeBlanc v. United Eng'rs & Constructors Inc.*, 584 A.2d 675, 677 (Me. 1991)). We will not overturn a decision of the Board unless it can be said that the Board lacks a "rational basis for its application of law to the facts." *Dorey v. Forster Mfg. Co.*, 591 A.2d 240, 241–42 (Me.1991); *Smith v. Great N. Paper Co.*, 636 A.2d 438, 439 (Me.1994).

We have held that an employer is fully responsible for compensation when the employee receives a work injury and a subsequent nonwork injury and the work injury is a causative factor in the employee's ongoing incapacity. *Brackett v. A.C. Lawrence Leather Co.*, 559 A.2d 776, 777 (Me.1989). We have also held that an employer may apportion liability when the employee suffers two work related injuries and the second

employer is not made a party to the proceeding. *Murray v. City of Augusta*, 394 A.2d 1171 (Me.1978).[2]

■ The employer contends that the policy of the Act compels recognition that the self-employment injury is "work related." The purpose of the Act is to shift the economic cost of work-injuries to the employer and ultimately the consumer. *See Harry Scott's Case*, 104 A. 794, 117 Me. 436 (Me. 1918). The employer contends that a self-employed person, like any employer, is in a position to pass the cost of economic injuries to the consumer, or to obtain disability or medical insurance; therefore, the self-employed employee who receives a subsequent injury arising from self-employment should not be entitled to look to a previous employer for full compensation merely because that employee has failed to elect coverage under the Act.

While the employer makes an interesting policy argument, such policy issues are more appropriately addressed to the Legislature. If adopted, the employer's position would, in effect, allow apportionment against the employee himself and deprive him of a full recovery pursuant to the Workers' Compensation Act. We have not previously recognized such a result; even in *Murray*, the employee retained the right to seek a supplemental workers' compensation recovery against the employer not joined in the original action. Because Harding was self-employed and had not elected coverage under the Act, Harding's self-employment injury is not independently compensable.[3] Like the

---

1. Former Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–7 (effective January 1, 1993). However, because the proceeding was pending on the effective date of Title 39–A, this appeal is governed exclusively by former Title 39 and does not implicate the new Act. *Riley v. Bath Iron Works*, 639 A.2d 626, 627 (Me.1994).

2. Because this appeal does not involve two or more insurers, 39 M.R.S.A. § 104–B does not apply. 39 M.R.S.A. § 104–B(1) (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–7 (effective January 1, 1993), *codified as* 39–A M.R.S.A. § 354. Section 104–B provides in pertinent part:

> 1. **Applicability.** Where 2 or more occupational injuries occur, during either a single employment or successive employments, which combine to produce a single incapacitating condition, *and more than one insurer is responsible for that condition,* their liability shall be governed by this section.

39 M.R.S.A. § 104–B(1) (1989) (emphasis added).

3. The Act provides recovery to "employee[s]" who "receive personal injur[ies] arising out of and in the course of ... employment...." 39 M.R.S.A. § 51(1) (1987), *repealed and replaced by* P.L.1991, ch. 885, Section A–7 (effective January 1, 1993), *codified as* Title 39–A M.R.S.A. § 201. The word "employee" is defined in 39 M.R.S.A. § 2(5)(A) to include "every person in the service

employee who receives a subsequent non-work injury, however, Harding is entitled to a full recovery against his prior employer where, as here, the prior work injury causally contributed to his present incapacity.

Judgment affirmed.

All concurring.

*of another* under any *contract of hire....*" *Id.* (emphasis added). A "sole proprietor" is not an employee unless that person "elects to be personally covered by" the Act. 39 M.R.S.A. § 2(5)(B).