2001 ME 29

Carolyn CUST

v.

**UNIVERSITY OF MAINE.**

Supreme Judicial Court of Maine.

Argued: Jan. 9, 2001.
Decided: Feb. 9, 2001.

Kevin M. Noonan, Esq., (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employee.

Peter M. Weatherbee, Esq., (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for employer.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] The University of Maine appeals from a decision of a hearing officer of the Workers' Compensation Board, granting, in part, its petition for review, but without ordering any reduction in the University's ongoing liability to Carolyn Cust for her 60% partial incapacity caused by work-related injuries in 1984 and 1988. The University sought, in its petition for review, to reduce its liability for the 1988 injury because the employee had received 400 weeks of partial benefits for that injury. *See* 39 M.R.S.A. § 55–B (Pamph. 1988), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. §§ 213, 214 (Pamph.2000)). While granting the University's petition and acknowledging that it is no longer required to pay benefits for the 1988 injury, the hearing officer concluded that Cust is still entitled to unreduced benefits because of the continuing effects of both injuries. We disagree, vacate, and remand.

I.

[¶ 2] The facts are not in dispute. Cust suffered two work-related injuries while employed by the University, a right arm injury in 1984 and a left arm injury in 1988. Pursuant to a previous decree, she was awarded 60% partial incapacity benefits based on the combined effect of the

two injuries. In a subsequent decree, a hearing officer determined that she reached maximum medical improvement with respect to the 1988 injury on January 6, 1989.

[¶ 3] In 1999, the University filed a petition to suspend compensation benefits for the 1988 injury. The hearing officer granted the petition, concluding that because the employee had received 400 weeks of partial benefits since the date of maximum medical improvement, the University was entitled to discontinue benefits for the 1988 injury pursuant to former section 55-B.[1]

[¶ 4] The hearing officer also found that the employee's incapacity attributable solely to her 1984 right arm injury is 25% of the ongoing 60% partial incapacity. The hearing officer also concluded, however, that, because the 400-week benefit limit had been reached for the 1988 injury, that injury must be treated as a subsequent nonwork injury for purposes of determining the University's continued liability for the 1984 injury. Based on the combination of the work and nonwork injuries, the hearing officer ordered the University to continue to pay 60% partial incapacity benefits. The hearing officer denied the University's motion for findings of fact and conclusions of law, and we granted the petition for appellate review pursuant to 39-A M.R.S.A. § 322 (Pamph.2000).

## II.

[¶ 5] The University contends that the hearing officer erred in treating the 1988 work injury as a subsequent nonwork injury based on the fact that the 400-week limitation had been reached and the employer was no longer liable. We agree. At the time of her 1988 injury, Cust was an "employee" for purposes of the workers' compensation law, *see* 39 M.R.S.A. § 2(5) (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A-7, A-8 (codified at 39-A M.R.S.A. § 102(11) (Pamph.2000)), and her 1988 injury was an injury "arising out of and in the course of" employment, *see* 39 M.R.S.A. § 51(1) (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A-7, A-8 (codified at 39-A M.R.S.A. § 201(1) (Pamph.2000)), for which timely notice of injury was provided, *see* 39 M.R.S.A. § 63 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A-7, A-8 (codified at 39-A M.R.S.A. § 301 (Pamph.2000)), and compensation paid, *see* 39 M.R.S.A. § 55-B (Pamph.1988), *repealed by* P.L.1991, ch. 885, § A-7. The 1988 injury was a "work injury" for purposes of workers' compensation liability. We see no basis for the hearing officer to apply legal standards applicable to nonwork injuries based on the fact that the 400-week limitation had been reached and the employer's exposure for partial incapacity benefits has ceased.[2]

[¶ 6] We also agree with the University that the hearing officer's conclusion runs counter to the policy behind the adoption of the 400-week limitation. *See* P.L.1987, ch. 559, Emergency Preamble (purpose of the 1987 amendments to reduce workers' compensation liability, generally, to prevent exodus of workers' compensation insurers from the State); *McDonald v.*

---

1. Former 39 M.R.S.A. § 55-B, applicable for 1988 injuries, provides:

   While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to ⅔ the difference, due to the injury, between his average gross weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he is able to earn after the injury, but not more than the maximum benefit under section 53-B. *Payments under this section shall not continue for longer*

   *than 400 weeks after maximum medical improvement.*
   This section applies only to employees injured on or after the effective date of this section.
   P.L.1987, ch. 559, § B, (codified at 39 M.R.S.A. § 55-B (Pamph.1988)) (effective November 20, 1987) (emphasis added), *repealed by* P.L.1991, ch. 885, § A-7.

2. The University may still be liable for medical benefits, notwithstanding the fact that its liability for partial incapacity has ended. *See* 39-A M.R.S.A. § 206 (Pamph.2000).

*Rumford Sch. Dist.*, 609 A.2d 1160, 1161 (Me.1992). If insurers in multiple injury cases are not entitled to a reduction of benefits upon the expiration of the 400–week period, or if an insurer's liability for one injury is immediately transferred to another insurer, there is no net savings for insurers and the statute fails to carry out its purpose to reduce costs to the system as a whole.

[¶ 7] Moreover, the decisions cited by the employee in support of the hearing officer's decision are distinguishable. In *Lamonica v. Holmes*, 1998 ME 190, ¶ 2, 718 A.2d 182, for example, the employee suffered two work-related injuries, but failed to give timely notice of the second work-related injury, and, therefore, recovery was barred for that injury. We concluded that, because timely notice was not provided, the second injury was not compensable, and, therefore, should be treated as a nonwork injury. *Id.* ¶ 3, 718 A.2d at 183.[3] The present case is distinguishable, because in this case, timely notice was provided and the 1988 injury was compensable.

[¶ 8] Similarly, in *Harding v. Sheridan D. Smith, Inc.*, 647 A.2d 1193 (Me.1994), the employee suffered two work-related injuries, but the second was while self-employed. As a self-employed employee, the employee was free to elect to be covered by the Act and, in that case, had elected not to be covered. *Id.* We held that the second injury, exempt from the Act, should be treated as a nonwork injury. *Id.* at 1194. The present case is, again, distinguishable because the second injury, the 1988 injury, was plainly a compensable work-related injury.

**3.** We stated:
The basic entitlement to workers' compensation benefits under the Act, 39–A M.R.S.A. § 201(1) [Supp.2000], expressly defines a compensable injury with reference to the notice-of-injury provision set forth in 39–A M.R.S.A. § 301 [Pamph.2000]. For purposes of the Act, an injury is not 'work-related' if the employee does not provide notice of the injury. Because this appeal involves a work-injury and a subsequent

[¶ 9] In *Harding* we also relied, in part, on the purpose of the Act to provide a full recovery to employees for their injuries. *Id.* at 1194. In this case, however, the employee has received all of the partial benefits that she is entitled to receive for her 1988 injury, and she is, therefore, not deprived of a "full recovery." Accordingly, there is no support either in the language or policy of the Act, or in our decisions, for the hearing officer to treat the employee's 1988 injury as a nonwork injury following her receipt of 400 weeks of benefits pursuant to former section 55–B.

### III.

[¶ 10] Because we conclude that the hearing officer erred in treating the 1988 injury as a nonwork injury, we next address the issue of the employer's ongoing liability for the 1984 injury. Subsection 201(6) provides:

> **6. Prior work-related injuries.** If an employee suffers a work-related injury that aggravates, accelerates or combines with the effects of a work-related injury that occurred prior to January 1, 1993 for which compensation is still payable under the law in effect on the date of that prior injury, the employee's rights and benefits for the portion of the resulting disability that is attributable to the prior injury must be determined by the law in effect at the time of the prior injury.

39–A M.R.S.A. § 201(6) (Pamph.2000).[4] Subsection 201(6) authorizes the hearing officer to determine "the portion of the resulting disability that is attributable" to each injury and to calculate the employer's

nonwork-injury, the controlling statutory provision is 39–A M.R.S.A. § 201(5) [Pamph.2000].
*Id.* ¶ 3, 718 A.2d at 183.

**4.** The University's petitions were filed in August 1998 and, therefore, subsection 201(6), which became effective on June 30, 1998, is applicable. *See* P.L.1998, ch. 647 (effective June 30, 1998).

liability according to the law at the time of each injury. *Id.*

[¶ 11] Cust contends that it is implicit in subsection 201(6)'s requirement that one injury must precede January 1, 1993, that the other injury must occur after January 1, 1993. We disagree. We have consistently applied the implementing statute of Title 39–A, § A–10, to determine whether a provision of the Act applies retroactively to pre–1993 injuries. *See, e.g., Beaulieu v. Maine Med. Ctr.,* 675 A.2d 110, 111 (Me. 1996); *Curtis v. Nat'l Sea Prods.,* 657 A.2d 320, 321, n. 2 (Me.1995); *Baker v. Klein,* 655 A.2d 367, 368, n. 2 (Me.1995); *Morgan–Leland v. Univ. of Maine,* 632 A.2d 748, 748–49 (Me.1993). Section A–10 provides:

> This Part applies to all matters in which an injury occurs on or after January 1, 1993. So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all provisions of this Act apply, except that Maine Revised Statutes Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply. With regard to matters in which the injury occurred prior to January 1, 1993 the applicable provisions of the former Title 39 apply in place of Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325....

P.L.1991, ch. 885, § A–10 (effective January 1, 1993). Because section 201 is not listed in section A–10 as having purely prospective effect, section 201 may be applied to injuries preceding the effective date of title 39–A. As we have stated, "[a] clearer statement of legislative intent ... is hard to imagine." *Morgan–Leland,* 632 A.2d at 749.

[¶ 12] The purpose of subsection 201(6) was to preserve the law in effect at the time of the injury for injuries occurring prior to the effective date of title 39–A. *See* L.D. 1318, Statement of Fact (118th Legis.1998). By its express language, subsection 201(6) is applicable when an injury "aggravates, accelerates or combines with the effects of a work-related injury that occurred prior to January 1, 1993 ...." 39–A M.R.S.A. § 201(6). The plain language places no limitation on the date of the subsequent injury.

[¶ 13] Moreover, even if we were to agree that subsection 201(6) is inapplicable, it would be unavailing to the employee. Subsection 201(6) was enacted in 1998 with the purpose of changing the rule of law established in *Ray v. Carland Constr., Inc.,* 1997 ME 206, ¶ 6, 703 A.2d 648, 650–51. In *Ray,* 1997 ME 206, ¶¶ 5–6, 703 A.2d at 650, we relied on an earlier decision, *McDonald v. Rumford Sch. Dist.,* 609 A.2d 1160, 1161 (Me.1992), to hold that, when an employee suffers two work-related injuries that combine to produce a single incapacitating condition, the employer's entire liability is governed by the law at the time of the subsequent injury.

[¶ 14] As the employee notes, the rule we enunciated in *Ray* was expressly rejected by the Legislature in subsection 201(6). *See* P.L.1998, ch. 647.[5] Were we to conclude that subsection 201(6) was inapplicable to the present case, however, the outcome would likely be governed by pre–1993 law as articulated in *McDonald,* 609 A.2d at 1161. In that event, we would have to conclude that Cust's *entire* liability is governed by the law relating to the later injury, and, therefore, following the 400–week period of partial benefits, the employer would be entitled to suspend *all* benefits.

---

5. The statement of fact provides:

   This amendment replaces the bill and is the majority report of the Joint Standing Committee on Labor. It overrules the Maine Supreme Judicial Court's decision in *Ray v. Carland Construction, Inc.* and *Pelletier v. Maine Medical Center,* 703 A.2d 648 (Me. 1997), in which the court ignored the legislative directive of Public Law 1991, chapter 885. Part A, section 10 prohibiting retroactive application of the Workers' Compensation Act of 1992.

   L.D. 1318, Statement of Fact (118th Legis.1998).

[¶ 15] Because we conclude that the Legislature did not intend to restrict the application of subsection 201(6) to cases in which the subsequent injury occurs after January 1, 1993, subsection 201(6) applies, and the University is entitled to suspend benefits for that portion of the employee's incapacity that is attributable to the 1988 injury. Because the hearing officer found that the employee's 1984 right arm injury accounts for 25% of her ongoing 60% incapacity, the hearing officer should enter an order reducing the University's continuing liability to 15% (0.25 × 0.60 = 0.15 or 15%).

The entry is:

The decision of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.