**In re Denis L. VENTRIGLIA,
Respondent.**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 370938).**

No. 04–BG–248.

District of Columbia Court of Appeals.

Submitted June 16, 2005.

Decided June 30, 2005.

Before FARRELL and
WASHINGTON, Associate Judges, and
PRYOR, Senior Judge.

PER CURIAM.

Respondent Denis L. Ventriglia was suspended for two years from the practice of law in North Carolina, with execution of suspension stayed, and placed on probation for two years with conditions specified in a consent order entered by a Hearing Committee of the Disciplinary Commission of the North Carolina State Bar ("NCSB Committee"). This discipline stemmed from respondent's failure to file and pay federal and state income tax returns for the years 1997, 1998, 1999, and to pay self-employment tax from 1997 to 2000.

Respondent informed the District of Columbia Bar Counsel of the NCSB Committee's order. This court directed the Board on Professional Responsibility ("Board") to decide whether reciprocal discipline should be imposed. In his response, respondent consented to the recommendation of the imposition of identical reciprocal discipline made by Bar Counsel, but requested that his District of Columbia discipline run concurrently with the North Carolina discipline. Bar Counsel filed no response to respondent's request. The Board submitted a Report and Recommendation, urging this court to impose identical reciprocal discipline which would run concurrently with respondent's North Carolina discipline. Respondent has not filed any exceptions in this court to the Board's recommendation.

It is well established that in reciprocal discipline cases, there is a presumption favoring the imposition of the same discipline in this jurisdiction as that of the original disciplining jurisdiction.

D.C. Bar R. XI, § 11(f); *In re Coates*, 855 A.2d 1116, 1117 (D.C.2004); *In re Kenno*, 766 A.2d 563, 563–64 (D.C.2001). Further, respondent has consented to Bar Counsel's recommendation of the imposition of identical reciprocal discipline. Neither respondent nor Bar Counsel has taken any exception to the Board's recommendation. In such circumstances, our review of the Board's recommendation is especially deferential and limited. *In re Kenno*, 766 A.2d at 564; *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Accordingly, we accept the Board's recommendation. It is therefore

ORDERED that respondent be suspended from the practice of law in the District of Columbia for a period of two years, with execution of suspension stayed, and placed on two years of unsupervised probation with conditions set forth in Sections 1(a)-(h) in the consent order issued by the NCSB Committee. The sanction shall take effect on the effective date of the NCSB Committee's order so that respondent's District of Columbia discipline would run concurrently with his North Carolina discipline.

*So ordered.*