2005 ME 115

John BERTL

v.

**PUBLIC UTILITIES COMMISSION**

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 16, 2005.
Decided: Nov. 9, 2005.

John Bertl, North New Portland, for appellant.

Michell M. Tannebaum, Esq., Joanne Steneck, Esq., Public Utilities Commission, Stephen Ward, Esq., Public Advocate, Richard Hevey, Esq., Augusta, for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] John Bertl appeals from a decision of the Maine Public Utilities Commission concluding that Central Maine Power (CMP) was not required to net energy bill an account of Bertl's located in Kingfield against the output of a small hydroelectric facility owned by Bertl and located in North New Portland. The Commission's Rule dealing with net energy billing promotes renewable electricity generation. The Rule requires that for net energy billing to be allowed, the generating facility be "on or in the vicinity of the customer's premises." Bertl contends that the Commission construed the Rule in an impermissibly narrow fashion when it concluded that Bertl's Kingfield residence, located more than seven miles from Bertl's generating facility, was not "within the 'vicinity'" of the generating facility. We find no error in the Commission's decision and we affirm the order of the Commission.

## I. CASE HISTORY

[¶ 2] Bertl owns a hydroelectric dam at Gilman Stream in North New Portland, to which certain accounts located approxi-

mately one mile away are net billed under a contract with CMP. In August 2004, Bertl requested that the Commission order CMP to add to his net billing contract his Kingfield residence, located more than seven miles from the dam. The Commission treated Bertl's letter as a request for an advisory ruling on the Commission's net energy billing rule, and invited comment from interested parties.

[¶ 3] In November 2004, the Commission issued an advisory ruling that concluded that CMP was not required to net bill Bertl's Kingfield account against his hydroelectric facility's output. The Commission concluded that the account was "not adjacent to or nearby the stream or pond behind the dam" and therefore "not in the 'vicinity'" of the hydroelectric dam within the meaning of the Rule. The Commission reasoned that an interpretation of "vicinity" as broad as Bertl requested would "strain the normal meaning of the term."

[¶ 4] Bertl moved unsuccessfully for the Commission to reconsider its decision. In its order on reconsideration, the Commission accepted Bertl's argument that his Kingfield residence was as close as reasonably possible to the hydroelectric facility, but nonetheless rejected his request to reverse the advisory ruling because the Rule allows net billing when generation facilities are located on or in the vicinity of the customer's premises, but does not require net billing under a standard of facilities being as close as reasonably possible to the premises.

[¶ 5] Bertl then filed this appeal.

## II. DISCUSSION

■ [¶ 6] Bertl essentially argues that the Commission's denial of his request for net energy billing for his personal hydroelectric dam is unfair. He points out that the Commission had previously concluded that certain properties owned by Bertl, located within one mile and adjacent to or near the pond or stream behind Bertl's dam, met the regulatory definition of "vicinity" for the purposes of net energy billing, and that the Commission allowed him to use net billing for those properties. Bertl also contends that the Commission erred because it previously allowed two accounts downstream of the dam to be net energy billed, thereby demonstrating flexibility and setting precedent that certain accounts can be net billed even if they are not upstream of the dam. Both arguments are unpersuasive.

■ [¶ 7] "Our review of the actions of the Commission is limited.... '[O]n questions involving the interpretation and application of technical statutes or regulations, we give deference to the administrative agency unless the statutes or regulations plainly compel a contrary result.'" *Pub. Advocate v. Pub. Utils. Comm'n*, 1998 ME 218, ¶ 5, 718 A.2d 201, 203 (quoting *Nat'l Indus. Constructors, Inc. v. Superintendent of Ins.*, 655 A.2d 342, 345 (Me.1995)); *see also Office of Pub. Advocate v. Pub. Utils. Comm'n*, 2005 ME 15, ¶ 18, 866 A.2d 851, 856 (noting that the Commission is entitled to deference in its statutory interpretations and will not be overturned unless the Commission "fails to follow a statutory mandate or if it commits an unsustainable exercise of its discretion"); *Pine Tree Tel. & Tel. Co. v. Pub. Utils. Comm'n*, 634 A.2d 1302, 1304 (Me.1993) (refusing "to second-guess agencies on matters within their expertise" or to disturb a Commission decision "if it results from a reasonable exercise of discretion and is supported by substantial evidence in the record").

[¶ 8] The purpose of the Commission's net energy billing Rule "is to implement the State's policy to encourage electricity

generation from renewable resources through the adoption of requirements and standards for customer net energy billing."[1] 9 C.M.R. 65 407 313–3 § 1 (1999). The Commission has explained that it "view[s] net billing as a means to encourage the development and use of small-scale renewable facilities ... [and that it] must be mindful of the resulting costs to utilities and their ratepayers, and draw an appropriate balance." *Order Adopting Rule and Statement of Factual and Policy Analysis,* No. 98–621 Order (Me.P.U.C. Dec. 10, 1998), 1998 Me. PUC LEXIS 433, at *12.

[¶ 9] As part of the balancing of benefits and costs of small renewable energy facilities, the Rule requires that in order for net billing to be allowed, "the renewable facility must be located *on or in the vicinity* of the customer's premises and used primarily to offset part or all of the customer's own electricity requirement." 9 C.M.R. 65 407 313–3 § 3(C) (1999) (emphasis added); *see also Order Adopting Rule and Statement of Factual and Policy Analysis,* No. 98–621 Order (Me.P.U.C. Dec. 10, 1998), 1998 Me. PUC LEXIS 433, at *13–14. The Rule as originally proposed would have required the facility to be *on* the customer's premises, but as adopted the Rule is more flexible and allows the renewable facility to qualify for net billing if it is in the vicinity of the customer's premises. *Order Adopting Rule and Statement of Factual and Policy Analysis,* No. 98–621 Order (Me.P.U.C. Dec. 10, 1998), 1998 Me. PUC LEXIS 433, at *13–14.

[¶ 10] The Commission's construction of its Rule, that property located more than seven miles away from the hydroelectric facility and on a different body of water is "not in the vicinity" of the hydroelectric facility, is not so repugnant to the Rule's language as to compel a different result. The Commission acted within its discretion in refusing to order CMP to net energy bill his residence in Kingfield when it interpreted the vicinity requirement under its net energy billing Rule to exclude a property more than seven miles from the hydroelectric facility. Interpreting the vicinity requirement of the Rule governing net energy billing by evaluating and taking distance into account is within the Commission's discretion, and the Commission did not act beyond that discretion.

[¶ 11] Bertl also argues, for the first time on appeal, that in construing the Rule the way it has, the Commission has ignored legislative mandates that it encourage small hydroelectric power and other renewable energy sources. Specifically, he alleges non-adherence to 35–A M.R.S.A. § 3302 (1988 & Pamph.2004), and 38 M.R.S.A. § 631 (2001). There is nothing in the record, however, indicating that the Commission has failed to adhere to its statutory mandate. Moreover, the argument by Bertl raises is more of a policy argument than it is a legal argument, and as such, is more appropriately left for the Commission, not this Court, to consider. *See, e.g., Harding v. Sheridan D. Smith, Inc.,* 647 A.2d 1193, 1194 (Me.1994) (noting that "[w]hile the employer makes an interesting policy argument, such policy issues are more appropriately addressed to the Legislature").

---

1. According to the Commission, the Rule that revised net billing was undertaken pursuant to the Maine Legislature's restructuring of the electric industry, the results of which are codified at 35–A M.R.S.A. §§ 3201–3217 (Pamph.2004). Title 35–A M.R.S.A. § 3211–A has been recently amended. *See* P.L.2005, ch. 459, § 1 (effective Sept. 17, 2005). Title 35–A M.R.S.A. § 3211–B has been recently enacted. *See* P.L.2005, ch. 459, § 2 (effective Sept. 17, 2005). Title 35–A M.R.S.A. § 3214 has also been recently amended. *See* P.L. 2005, ch. 132, § 1 (effective Sept. 17, 2005).