**Leavitt J. BAKER**

v.

**Stephen R. KLEIN, M.D. and Liberty Mutual Insurance Co.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1995.

Decided March 8, 1995.

---

Leavitt Baker, pro se.

Daniel F. Gilligan, Troubh, Heisler & Piampiano, P.A., Portland, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Leavitt Baker appeals from the judgment of the Superior Court (Cumberland County, *Brennan, J.*) dismissing Baker's civil action alleging that the Workers' Compensation Board wrongfully terminated his benefits. Because we agree with the Superior Court that Baker failed to exhaust his administrative remedies, we affirm the judgment.

The facts may be briefly summarized as follows. Baker sustained a work related injury in May 1980 when employed by Bancroft & Martin. The Workers' Compensation Commission found Baker had sustained 65% partial incapacity from the injury and awarded benefits based on that finding. In 1991, Baker's benefits were discontinued by the Commission because of its finding that Baker's condition was no longer related to

the work injury. That decision was based upon the opinion of Dr. Stephen Klein, a neurosurgeon retained by Bancroft & Martin's insurer, Liberty Mutual.

Baker unsuccessfully sought review of the Commission's decision by the Appellate Division of the Workers' Compensation Commission, the Law Court and the Supreme Court of the United States. Baker then filed this action in July 1993 against both Liberty Mutual and Dr. Klein claiming that the discontinuation of his benefits was the result of an "agreement" between Dr. Klein and Liberty Mutual about the content of Dr. Klein's testimony before the Commission.

■ The Workers' Compensation Act provides for review of a decision of the Board when a party alleges that fraud [1] caused the wrongful termination of benefits:

A party may petition the board, within one year of initiation of a payment scheme, award or decree, to reopen any case in which fraud on the part of the opposing party is alleged. If the board finds that the petitioning party exercised due diligence in investigating the initial claim and further finds that fraud occurred, the board may reopen the case as to any issue that may have been affected by the fraudulent act and the board may terminate or modify an employer's obligation to make payment upon a finding that fraud on the part of a party affected the employer's obligation to make payment.

Except in the case of fraud on the part of the employee, an employee is not barred by any time limit from filing a petition to have any issues determined in accordance with this Act as though the payment scheme had not been initiated.

39–A M.R.S.A. § 321 (Supp.1994).[2] By filing a civil complaint in the Superior Court alleg-

---

1. Baker contends that his complaint did not allege that the denial of his benefits was the result of fraud. Although the language of his complaint does not specifically use the word fraud, the claim of fraud is unmistakable in his complaint.

2. The current version of the Workers' Compensation Act, effective January 1, 1993, is applicable to the instant action. Although actions which were pending on the effective date of the Act are covered by the prior version of the statute, *see*

*Riley v. Bath Iron Works Corp.*, 639 A.2d 626 (Me.1994), Baker's claim was not pending. Baker filed a complaint in the Superior Court alleging fraudulent termination of his benefits on July 7, 1993, well after the effective date of Title 39–A. Although the Legislature specifically included particular sections of the 1993 Act which would not be applied retroactively, section 321 was not listed, and therefore, section 321 is applicable to injuries occurring prior to the effective date of

ing that fraud caused the Commission's denial of his benefits, Baker has failed to use the administrative procedure set forth in the Act. This failure to exhaust his administrative remedy required dismissal of his action. *See Procise v. Elec. Mut. Liab. Ins. Co.*, 494 A.2d 1375, 1381 (Me.1985).

the Act. *See Morgan–Leland v. Univ. of Me.*, 632 A.2d 748, 749 (Me.1993).