STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      DOCKET NO. CV-99-228
ROBERT MENNEALY and                                   REC-CUM- 7/19/2001
PATRICIA MENNEALY,

        Plaintiffs

        v.                                            ORDER

HEALTHSOURCE MAINE, INC.

        Defendant


This matter is before the Court on Plaintiffs Robert and Patricia Mennealy's motion to lift a stay imposed by this Court on April 28, 2000. Also before the Court is Defendant Healthsource's motion for declaratory relief and motion to amend or supplement its answer.

## FACTUAL BACKGROUND

In early November, 1998, Robert Mennealy suffered a severe stroke and was admitted to Central Maine Medical Center ("CMMC"). At that time, Mr. Mennealy received health care insurance under a Group Subscriber Agreement from Healthsource as a dependent spouse of Patricia Mennealy through her employer, the State of Maine.

During his stay at CMMC, Mr. Mennealy's request for admission to River Ridge Center for Rehabilitation's Brain Injury program ("River Ridge") was denied by the Defendant. Admission to Marshwood nursing home was instead authorized by the Defendant. On January 8, 1999, Mr. Mennealy's stay at the Marshwood facility was terminated by the Defendant.

Shortly after Mr. Mennealy's discharge from Marshwood, a box of safety equipment was delivered to the Plaintiffs' residence. Some of the equipment was backordered and did not arrive until some time later. A delay in installation of the equipment that was delivered occurred because Healthsource did not notify the Plaintiffs that they were responsible for the installation.

Also after his discharge from Marshwood, Mr. Mennealy's primary care physician requested authorization for payment for Automove 800 therapy ("AM800 therapy"). This authorization was denied by the Defendant. On August 2, 1999, the proposed provider of the AM800 therapy sought appeal on Mr. Mennealy's behalf. Defendant's Opposing Memorandum Tab ("Tab") U. After the Defendant denied the initial appeal, the proposed provider requested second level grievance review. Tabs V & W. Following a full grievance hearing, Healthsource granted the grievance on December 15, 1999 and authorized benefits for a 3-month trial of AM800 therapy. Tab X.

On February 4, 1999, the Defendant denied authorization for a neuropsychology examination that was scheduled for February 5, 1999, claiming the examination was not medically necessary. Tab O. On February 22, 1999, Healthsource authorized 8 hours of neuropsychology testing. Id. The Defendant issued Ms. Mennealy an apology on that date and gave her an authorization number. Id. Ms. Mennealy's letter requesting an appeal to review the denial of this benefit was received by Healthsource on February 25, 1999. Id. The appeal was withdrawn on March 9, 1999 and the neuropsychology testing occurred on March 17,

2

1999. Id.

Healthsource terminated Mr. Mennealy's outpatient physical and occupational therapy services from Central Maine Rehabilitation Services ("CMRS") effective March 11, 1999. In August, 1999, Mr. Mennealy was accepted into the outpatient brain injury program at Westside Neurorehabilitation Services ("Westside"). Although his primary care physician requested authorization for Westside's services, the Defendant denied the request.

The Plaintiffs' seven-count second amended complaint alleges that the Defendant wrongfully (1) denied benefits for the River Ridge program; (2) terminated Mr. Mennealy's stay at the Marshwood nursing home; (3) delayed installation of necessary equipment in the Mennealy home; (4) denied authorization for the February 5, 1999 neuropsychology examination; (5) terminated physical and occupational therapy at CMRS; (6) denied benefits for the Westside program; and (7) denied authorization for payment for AM800 therapy.

On April 28, 2000, Counts II-IV of the second amended complaint were dismissed without prejudice. Also on that date, this Court denied the Defendant's motion for summary judgment and stayed the remaining breach of contract, Unfair Claims Settlement Practices Act ("UCSPA") and emotional distress claims until the Plaintiffs exhausted their administrative remedies on the breach of contract and UCSPA claims.

On May 31, 2000, the Plaintiffs filed an "Appeal and Complaint" to the State Employee Health Commission ("SEHC") Appeals Panel. Tab A. The SEHC

dismissed the appeal on August 29, 2000, concluding the Plaintiffs had not exhausted the administrative remedies available under the Group Subscriber Agreement. Tab B. The Plaintiffs then requested first level appeal on August 30, 2000 of the River Ridge and Marshwood denials, the delay in obtaining medical equipment and the Defendant's failure to provide adequate case management services.[1] Tab C.

The Defendant addressed the issues raised in the first level appeal by written decision dated October 4, 2000. That decision concluded that any delay in obtaining medical equipment was a quality, not a benefit, issue. Tab T. It also reflects that both the River Ridge and Marshwood denials were submitted for independent review to Dr. Michael Cheikin, who concluded that both denials were improper. Tabs D & T. Dr. Cheikin determined that further inpatient stay at Marshwood was no longer appropriate but was not able to determine whether inpatient treatment at River Ridge was still appropriate. Tabs D & T. Although Healthsource submitted additional information to Dr. Cheikin regarding treatment at River Ridge, he was unable to determine whether inpatient care remained appropriate. Tabs E & F. The Defendant therefore denied that aspect of the appeal on October 30, 2000. Tab G. The Plaintiffs filed a grievance level appeal of the River Ridge denial on February 8, 2001. Tab H. That appeal was subsequently withdrawn on March 9, 2001 because the Plaintiff was not interested in obtaining inpatient treatment at that time. Tab M.

---

[1] This denial was raised by the Plaintiffs for the first time in their Opposition to Defendant's Motion for Summary Judgment dated January 13, 2000 and was not pled by the Plaintiffs in their second amended complaint.

On August 30, 2000, the Plaintiffs requested second level grievance review of Healthsource's denial of authorization and payment for therapy at CMRS and Westside. Tab N. The Management Grievance Committee upheld the original decisions to deny therapy at CMRS and services at Westside but approved individual neuropsychologic counseling at Westside on October 23, 2000. Tab O. On appeal, the State of Maine Bureau of Insurance referred the matter to the Center for Health Dispute Resolution ("CHDR")·for external review. Tab P. The CHDR issued its decision on January 16, 2001, reversing the Defendant's denial of the benefits for the remaining services in dispute at CMRS and Westside and ordered payment of those services. Tab P. The decision did not address the Plaintiffs' request for external review of their request for services that were never received. See Tabs P, Q, R & S.

## DISCUSSION

### I. Plaintiffs' Motion to Lift Stay

The doctrine of exhaustion of administrative remedies requires the Plaintiffs to pursue all possible administrative remedies before initiating an action in the Superior Court. See Baker v. Klein, 655 A.2d 367, 368-69 (Me. 1995); Cushing v. Smith, 457 A.2d 816, 821 (Me. 1983). The Group Subscriber Agreement provides for two levels of internal review: first-level appeal and second-level grievance review. Group Subscriber Agreement ("Agreement") § 12(B) & (C). The SEHC represents the final level of appeal. Id. § 12(E); 5 M.R.S.A. § 286 (1989 & Pamph. 2000). Insureds

may also contact the Maine Bureau of Insurance to seek aid in resolving an appeal. Agreement § 12(F). The Plaintiffs seek to lift the stay imposed by this Court, claiming there are no remaining issues left to appeal administratively.

With regard to the River Ridge issue, Healthsource argues first that it never formally denied the Plaintiffs' requests for admission to the program. The SEHC August 29, 2000 decision, which determined that the Plaintiffs' appeal to that commission was premature, concluded otherwise, however. In that opinion the Attorney General stated, "With regard to [River Ridge], it is reasonable to conclude that Healthsource effectively denied the claim and that [the Plaintiffs] have a right to appeal." Tab B at 1 n.1.

Healthsource next contends that even if it did deny the Plaintiffs' request, the Plaintiffs have not exhausted their administrative remedies because they abandoned their grievance level appeal on March 9, 2001. The subject of that appeal was whether inpatient treatment at River Ridge remained appropriate, however. Tabs H & M. Because this subject does not form the basis of the Plaintiffs' complaint, whether that appeal was abandoned is inapposite. The Defendant's October 4, 2000 decision implicitly adopted Dr. Cheikin's determination that the River Ridge benefit was wrongfully denied and finally resolved this issue. Tab T ("After carefully reviewing the circumstances regarding your request, we have made the following determination[] . . . Michael Cheikin, MD reviewed this request and determined that admission to River Ridge was appropriate in December, 1998 at the time of hospital discharge."). Accordingly, the Plaintiffs have exhausted their administrative

remedies for the River Ridge denial.

The Defendant contends that the Plaintiffs have not exhausted their administrative remedies with respect to the Westside and CMRS denials because they did not appeal their claims for services allegedly requested but not received at those facilities to the SEHC. The basis for the claim for services requested but not received is Mr. Mennealy's inability to receive necessary care while he and the Westside staff pursued alternative sources of funding. Because a delay cannot be appealed administratively, the Plaintiffs have sufficiently exhausted their administrative remedy with regard to this issue.

The Plaintiffs received a favorable determination with regard to the Marshwood denial and therefore have exhausted their administrative remedies as to that issue. Mr. Mennealy eventually received the medical equipment, neuropsychology examination and AM800 therapy. The Plaintiffs therefore did not need to pursue an administrative remedy as to those claims. The Defendant's alleged failure to provide adequate case management services is not the proper subject of an administrative appeal as it is a quality issue, not a benefit issue. See Tab T.

## II. Defendant's Motion for Declaratory Relief

The Defendant's motion for declaratory relief requests this Court to declare that (1) certain claims are moot because the benefits sought by the Plaintiffs and allowed under the Group Subscriber Agreement have been authorized and paid by

7

Healthsource; and (2) the Plaintiffs have failed to exhaust their administrative remedies with respect to the Marshwood, River Ridge, CMRS and Westside benefits. The Defendant also asserts that the Plaintiffs are not entitled to recover damages for emotional distress or punitive damages resulting from the initial denials of or delay in receiving the neuropsychology exam, AM800 therapy, delivery of medical equipment to the Plaintiffs' home, case management and care received at Westside and CMRS.

Rule 57 of the Maine Rules of Civil Procedure provides that the "procedure for obtaining a declaratory judgment pursuant to 14 M.R.S.A. §§ 5951-5963 shall be in accordance with these rules . . . ." Because the Defendants have not counterclaimed in this action for a declaratory judgment in accordance with the rules of civil procedure, its motion for declaratory relief is inappropriate. The mootness and damages issues raised by Healthsource in this motion are more properly addressed in a motion for summary judgment.

### III. Defendant's Motion to Amend or Supplement the Answer

Healthsource filed a motion to supplement its answer pursuant to M.R. Civ. P. 15(c) to assert an additional affirmative defense on May 22, 2001. This motion is too late in light of the fact that the deadline to amend the pleadings was September 27, 1999.

The entry is

Plaintiffs' Motion to Lift Stay is GRANTED. Defendant's Motions to Amend or Supplement the Answer and for Declaratory Relief are DENIED.

Dated at Portland, Maine this 19th day of July, 2001.

Robert E. Crowley
Justice, Superior Court

9

Date Filed ___4-15-99___ ___CUMBERLAND___ Docket No. ___CV99-228___
                            County

Action ___CONTRACT___

ROBERT MENNEALY                    HEALTHSOURCE MAINE, INC.
PATRICIA MENNEALY                  ~~CIGNA HEALTHCARE CORP.~~

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Peter L. Thompson, Esq. 985-6561<br>Coles & Thompson LLC<br>P.O. Box 1028<br>Kennebunk, ME 04043<br><br>Ronald Coles, Esq. (Mennealy) 985-6561<br>PO BOX 1028, Kennebunk, ME 04043 | ALISON A. DENHAM, ESQ 744-1486 (Healthsou:<br>THEODORE H. IRWIN, JR. ESQ<br>PO BOX 7108, PM 04112 |

| Date of Entry | |
|---|---|
| 1999<br>Apr. 16 | Received 4-15-99.<br>Summary sheet filed. |
| "     " | Complaint (Jury Trial Requested) filed. |
| Apr. 23 | Received 04-23-99:<br>Summons filed.<br>Healthsource Maine, Inc. served to Patricia White, Director, on 04-20-99. |
| May 03 | Received 04-30-99:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's Amended Notice of Depositions served on Alison Denham<br>on 04-28-99. |
| May 04 | Received 05-04-99:<br>Summons filed.<br>Cigna Health Care Corp. served to Superintendent of Insurance on 04-27-99 |
| May 11 | Received 05-10-99:<br>Defendant Healthsource Maine, Inc.'s Answer filed. |
| May 20 | Received 05-20-99:<br>Plaintiff's Case File Notice and Pretrial Scheduling Statement filed. |
| "     " | $300.00 Jury Fee PAID. |
| May 25 | Received 05-25-99:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's Notice of Deposition of Amelda Rivera served on Alison<br>Denham, Esq. on 05-24-99. |
| Aug. 25 | Received 8.24.99:<br>Appearance of Attorney Ronald Coles, Esq., as co-counsel on behalf of<br>Robert and Patricia Mennealy filed. |